Malvin Kite v. State.

170 So. 445.
Division B.
Opinion Filed October 31, 1936.

*Fuller Warren* and *John W. Muskoff,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—In this case plaintiff in error was indicted in the Circuit Court of Duval County charged with the crime of rape. He was convicted of assault with intent to rape.

· Plaintiff in error presents a number of questions for our consideration, most of which are without merit.

The first question presented involves the action of the trial court in propounding certain questions to a witness. The record discloses no reversible error in this regard.

The second question may not be treated because the record does not support the application of the question.

The third question presented is:

"Did the trial court err in permitting the State Attorney to ask one of defendant's witnesses on cross examination by the State, whether or not the defendant had not, at a vague and indefinite time run away 'from the same kind of a scrape he was in or is now in?'"

Plaintiff in error has not pointed out in his brief the place in the record where the alleged error complained of is shown. Therefore, the question should be ignored. We will say, however, that the record discloses that the defendant on trial by questions addressed to one V. J. Ellis, a witness in behalf of defendant, put the general reputation of the defendant for peace and quietude, and as a law-abiding citizen, in issue. But aside from the fact that by putting his own reputation in issue he waived any right to object to questions, the answers to which would touch the status of his character or reputation it is shown by the record that defendant's counsel asked him this question:

"Did you know that he was planning to go to New York to take the job?"

This question was objected to.

Then the following:

"Q. Do you know that he was planning on a job in New York?

"A. Yes, sir.

"Q. Did he work in New York for a long period of time up there?

"A. He did.

"Q. Is it a fact that he just returned from New York the latter part of 1933?

"A. Yes, sir.

"Q. All right, did he marry a girl there in New York?

"A. Yes, sir."

### CROSS EXAMINATION.

"Q. Do you know why he went to New York when he was up there before?

"A. Yes, sir.

"Q. Do you know why?

"A. He went up there before he knew this girl, he went up there to marry her.

"Q. Didn't he go up there because he ran away from the same kind of scrape he was in or is in now?"

This was objected to and overruled.

The answer was: "No, sir."

Then the question was asked: "He was not accused of raping another girl?"

This question was objected to and objection was sustained.

So it is that there was no reversible error disclosed in this record.

Another contention is that the court erred in refusing to give certain charges requested. The charges requested were fully covered by the general charge given by the court, and therefore, no error occurred in the refusal.

The main contention appears to be that the defendant could not be convicted of the offense of assault with intent to rape under an indictment in the Circuit Court of Duval County charging the crime of rape. This question has long ago been settled adversely to the contention of plaintiff in error. In the case of Baker v. State, 40 Fla. 178, 24 Sou. 69, this Court held:

"An assault with intent to commit rape, punishable under our laws as a felony, is included in the higher charge of rape, and, independent of any statute, the Circuit Court could, under the former Constitution, punish for the lesser offense when found under the higher charge of rape. The rule under that instrument was that the charge in the indictment determined the jurisdiction of the court. McLean v. State, 23 Fla. 281, 2 South. Rep. 5; Winburn v. State, 28 Fla. 339, 9 South. Rep. 694. The section of the Constitution conferring jurisdiction on the Criminal Courts of

Record expressly excepts capital cases, and its terms do not expressly, or by necessary implication, deprive the Circuit Courts of the full jurisdiction possessed by them over such cases. The section of the Constitution conferring jurisdiction on the Circuit Court provides that such court shall have exclusive original jurisdiction of certain civil causes and 'of criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide.' Section 2921, Revised Statutes, enacts that "whenever any person indicted for a felony shall on trial be acquitted by a verdict of part of the crime charged, and convicted on the residue thereof, such verdict may be received and recorded by the court, and thereupon any person charged shall be adjudged guilty of the crime, if any, which shall appear to the court to be substantially charged by the residue of such indictment or information, and shall be sentenced and punished accordingly.' As above stated, the grant of jurisdiction to the Criminal Court of Record is not in terms exclusive, and does not forbid the Circuit Court from trying and imposing the sentence of the law when there has been a conviction of a lesser offense in a trial on an indictment charging a higher one."

No reversible error being made to appear, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.