PER CURIAM.
Appellant’s trial on a rape indictment resulted in a verdict of guilty of assault with intent to commit rape, for which he was sentenced to serve five years in the state penitentiary. The verdict was authorized as a conviction for a lesser offense under the crime of rape with which he was charged in the indictment. Kite v. State, 126 Fla. 77, 170 So. 445, 446.
Two points are raised, the first questioning the sufficiency of the evidence to sustain the verdict and judgment, and the other relating to a claim of newly discovered evidence.
As to the first question, a reading of the transcript of testimony presented at the trial shows conflicts between the testimony of the alleged victim and that of. the appellant. The jury evidently believed the former and disbelieved the latter, which was within its province to do.
There was substantial credible evidence which, if believed by the jury, was sufficient to establish every element of the offense.
On the second question, on which a. new trial is sought on the ground of newly discovered evidence, the appellant, on page 8 of his brief, had this to say:
“Tommy Eicher was charged in the Criminal Court of Record of Dade County, Florida with the crime of statutory rape of (-), said charge arising from similar circumstances. At the time of the trial on August 6, 1956 Tommy Eicher was under charge in the Criminal Court of Record of Dade County, Florida and had been subpoenaed to testify in the within cause as a witness for the state. Tommy Eicher was subsequently discharged in the criminal court of record of the charge of statutory rape for the reason that he had given testimony in the case involving Reid Collett. Tommy Eicher, having been charged with a different type of crime than Reid Collett, had reason to proceed with caution in giving testimony and likewise it was necessary for the appellant’s attorneys to proceed with caution in not calling him as a witness when he was laboring under charges himself.”
And again on page 18:
“Tommy Eicher was not called as a defense witness for several reasons. At the time of the trial of Reid Collett, Tommy Eicher was standing charged with the crime of statutory rape of (-). He had been subpoenaed by the state as a witness in Reid Collett’s *659 case. Subsequent to the trial of Reid Collett, Thomas Eicher was discharged from the charge of statutory rape. He was discharged for the reason that he had given testimony to the state attorney in regard to the prosecution of Reid Collett. Thomas Eicher is at the present time residing in Chicago, Illinois and would be ready, willing and able to now testify freely, voluntarily as to all the incidents that took place on this evening.”
The said Tommy Eicher and another girl made up the foursome. After they had driven to a lonely spot, Eicher, through use of some degree of force, took the other girl from the car and off down the road a considerable distance out of sight. They did not return until after the action complained of in this case. Eicher was not present when the alleged assault and rape occurred, and could be a witness only for what took place earlier, and later. His testimony would be merely cumulative as to those matters.
In no sense could his testimony be said to have been discovered after the trial. Even assuming that the testimony which he might give would be material and go to the merits of the case and would not be cumulative, there was a failure to show any diligence to obtain or use it at the trial. Moreover, there has been no showing of what his testimony would be.
Thus what is submitted under a claim of newly discovered evidence here falls far short of the tests which the law has imposed.
Section 920.04(3), Fla.Stat., F.S.A., provides that the court shall grant a new trial where it is established “that new and material evidence, which if introduced at the trial would probably have changed the verdict or finding of the court, is discovered which the defendant could not with reasonable diligence have discovered and produced upon the trial.” See McVeigh v. State, Fla.1954, 73 So.2d 694; Harvey v. State, Fla.1956, 87 So.2d 582. Cf. Douth v. State, Fla.1956, 85 So.2d 550. The McVeigh case states the rule as follows (73 So.2d at page 698):
“This court is committed to the rule that a new trial will not be granted for newly discovered evidence unless such evidence was discovered after the former trial, that due diligence must have been shown to have it at the former trial, that it must be material to the issue, it must go to the merits of the case, it must not be cumulative and it must be such as would produce a different verdict. * * * ”
We find no reversible error reflected on the record, and, therefore, the judgment is affirmed.
Affirmed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.