PER CURIAM.
The appellant was convicted of murder in the first degree, with a jury recommendation of mercy, and was sentenced to life imprisonment. His appeal to this court presents two points.
The first is a contention the trial court erred in permitting the state to introduce testimony, over objection, as to the sobriety of a state s witness who had testified earlier. The appellant contends such testimony, introduced by the state to buttress a state witness’ testimony, was improper because the question of sobriety of the witness had not been made an issue. The state contends the contrary, and points to two places in the record in which on cross examination of other state’s witnesses the attorney for defendant inquired regarding the condition of sobriety of the earlier witness. We have examined the record in this respect and must agree with the state’s contention in that regard. Thus an issue was raised as to whether the witness had been drinking or the extent of her drinking. Therefore, the trial court was eminently correct in overruling defendant’s objection to the testimony subsequently offered by the state on this issue. See Chaachou v. Chaachou, Fla.1954, 73 So.2d 830, 837.
Appellant’s second contention, relating to the admission of certain testimony has been considered and is found to be without merit. No objection was made at trial, and on viewing the evidence as a whole, we conclude no fundamental error resulted. Kite v. State, 126 Fla. 77, 170 So. 445; Cornelius v. State, Fla.1950, 49 So.2d 332.
The judgment appealed from is affirmed.