PER CURIAM.
The appellants were found guilty of breaking and entering a filling station with intent to commit petit larceny. On this appeal their main contention is that the evidence was insufficient to sustain the verdict of the jury.
The basic question is whether there was sufficient evidence to establish that a lug wrench and a crowbar (which appellants claim belong to them) were the property of an employee of the gasoline station. A review of the record reveals testimony which if believed by the jury was sufficient to establish that the appellants broke into a gasoline service station and stole the lug wrench and crowbar. Identification of the tools by the service station manager and his mechanic was positive. The conflict in testimony concerning ownership was resolved by the jury. We are not authorized to substitute our judgment for the jury’s finding under these circumstances. See Crum v. State, Fla.App.1965, 172 So.2d 24; Parrish v. State, Fla.App.1957, 97 So.2d 356.
 Appellants’ remaining points are directed to alleged procedural errors in the trial. One of these urges error upon the court’s overruling of appellants’ objection to certain testimony. If the admission of the testimony was error, it was cured by the court’s subsequent explanation to the jury. The other points involve a recess in the trial because of the illness of one juror’s wife and the denial of appellants’ request to permit the jury to take with them into the jury room a transcript of part of the testimony. Error has not been shown in either case.
Affirmed.