323 So.2d 318 (1975)
Orlando HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-364.
District Court of Appeal of Florida, Third District.
December 9, 1975.
*319 Ronald J. Fath, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
This case involves the robbery of Jose Maya, a jewelry salesman and the murder of his wife, Sarah Maya, on June 14, 1974, *320 in the lobby of a Miami Beach apartment-hotel. Three persons took part in the robbery and murder. Orlando Hernandez, prosecuted separately from the other two defendants, was charged by indictment with first degree murder and robbery in the case. He was tried by jury, found guilty on both charges and was so adjudged and sentenced to two consecutive terms in the state penitentiary, for life imprisonment on the first degree murder charge and for 99 years on the robbery charge. Hernandez cites six points on appeal from the judgment and sentence imposed.
As his first point, Hernandez contends that the trial court violated his right to a fair trial by admitting into evidence an 8 x 10 photograph of the lineup, testimony of the lineup identification and incourt identification. He states that his attorney was not present at the lineup and that it was prejudicial to show a photo of the defendant in the company of five other men with numbers hanging around their necks and a police identification card with a case number and date in the background. The record shows that both Hernandez and his attorney were advised of the impending lineup and that Hernandez waived his right to have counsel present, thus meeting the requirements of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. In addition, the photograph of the lineup was admissible as tending to illustrate or explain the testimony of the victim so as to aid the jury in understanding such testimony. Pressley v. State Fla.App. 1972, 261 So.2d 522. It depicts a lineup of six men of approximately the same height, weight and coloring. In court, the victim said that Hernandez, at the time of trial, looked exactly the way he appeared on the night of the murder-robbery. Therefore, no error has been shown.
As his second point, Hernandez contends that the trial court should have granted a mistrial when (a) the victim referred to Hernandez as a bandit and (b) when the victim stated that Hernandez tried to kill him. When the witness called the defendant a bandit, the judge offered to instruct the jury to disregard the remarks but defense counsel refused, contending that it was prejudicial beyond cure. The court denied a mistrial, citing as authority for the procedure, Maybery v. State, Fla.App. 1974, 303 So.2d 369, and instructed the witness not to repeat the name calling. The witness complied. As to the remark by the victim that Hernandez tried to kill him, when defense counsel moved for mistrial, the court reserved ruling. Although the record indicates that at the next recess a conference was held off the record, no ruling on the motion appears on the record. Therefore, the record is not sufficient to demonstrate reversible error on this point. See State ex rel. Gibson v. Purdy, Fla.App. 1969, 218 So.2d 542.
The third point raised by Hernandez is that it was error to admit the hearsay testimony of one Jose Gutierrez, relating to inculpatory statements made by an accomplice, and to deny the defendant's motion for mistrial on this ground. Hernandez contends that the admission of statements of co-conspirators was error since there being no conspiracy charged, there can be no co-conspirator. This is erroneous since, "There is no prerequisite that a conspiracy be charged before declarations of a co-conspirator are admissible under the so-called `co-conspirator rule.'" Damon v. State, Fla. 1973, 289 So.2d 720, 723. As an aider and abettor, Hernandez is responsible for all acts committed by his accomplices, including the murder of Sarah Maya. State v. Roby, Fla. 1971, 246 So.2d 566; Foxworth v. State, Fla. 1972, 267 So.2d 647; McNeal v. State, Fla.App. 1974, 303 So.2d 698.
Hernandez' fourth point is that his motion for mistrial should have been granted when Jose Gutierrez stated in the presence of the jury, that Hernandez "... was arrested by the federal ..." Following an objection by defense *321 counsel, Gutierrez clarified that the arrest mentioned was for the charges for which defendant was being tried. We agree with the State that the court correctly denied the motion for mistrial, stating that the remark did not point to evidence for collateral crimes. After all, the jury must have been aware that the defendant, on trial for robbery and murder, had been arrested on such charges.
As his fifth point, Hernandez contends that it was prejudicial and, therefore, error to give the jury an additional instruction (requested by the jury in a note expressing confusion over the definition of terms), and to call the jury back half an hour later to ask if a verdict could be reached given more time. The record demonstrates that the original jury instructions were properly given pursuant to Rule 3.390, RCrP, and were correct statements of the law. The court allowed the jury to have all instructions in writing pursuant to Rule 3.400, RCrP. The additional instructions were given in compliance with Rule 3.420, RCrP, after reminding the jury about the previous instructions, and were taken from State v. Dixon, Fla. 1973, 283 So.2d 1. Thus, we find no error in the additional instructions, nor do we find error in the so-called "Allen charge," since both sides agreed that the jury be called in and asked if they could reach a verdict given more time.
The sixth and final point raised is that the sentence on both counts, to be served consecutively, is illegal and should be vacated and appellant should be resentenced only on the highest offense charged. We find the sentences to be legal since even though Hernandez was charged with two counts of the same indictment, robbery and murder are separate offenses, for which separate sentences were properly imposed. State v. Kirkland, Fla. 1975, 322 So.2d 480, opinion filed November 5, 1975.
Affirmed.