350 So.2d 1098 (1977)
Mario MANCEBO and Jorge Mancebo, Appellants,
v.
The STATE of Florida, Appellee.
No. 76-1856.
District Court of Appeal of Florida, Third District.
September 27, 1977.
Rehearing Denied November 14, 1977.
*1099 Kogen & Kogan and Geoffrey C. Fleck, Miami, for appellants.
Robert L. Shevin, Atty. Gen. and Linda Collins Hertz, Asst. Atty. Gen. and Gregg Spieler, Legal Intern, for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
PER CURIAM.
Mario Mancebo and Jorge Mancebo were charged by information with aggravated battery by use of a billiard ball. Both defendants were tried by jury, found guilty as charged, convicted and sentenced to 15 years imprisonment. The points raised on appeal include that the trial court erred in failing to grant a mistrial where, over defendants' objections, the State elicited testimony concerning prior fights, and where the State commented during closing argument on the defendants' bad characters and propensities for violence.
The record reflects that when each defendant testified on his own behalf, his counsel brought out evidence of good character for lawful conduct. On cross examination of Mario, the prosecutor proceeded to ask whether Mario had been involved in fights before, whereupon defense counsel made a motion for mistrial which was denied. *1100 The prosecutor later clarified the inquiry to relate to the night in question.
As a general rule, wide latitude is permitted on cross examination, the scope and limitation of which lies within the sound discretion of the trial judge, and is not subject to review except for a clear abuse. Matera v. State, 218 So.2d 180, 183 (Fla. 3d DCA 1969). As defense counsel voluntarily introduced evidence tending to show the defendants' good character for lawful conduct, their good character was placed in issue. See Kite v. State, 126 Fla. 77, 170 So. 445 (1936). Thus, where defendants placed their character for lawfulness in issue, questions relating thereto on cross examination were relevant and non-prejudicial. No abuse of the court's discretion has been demonstrated in the denial of the motion for mistrial. Compare Lawson v. State, 304 So.2d 522 (Fla. 3d DCA 1974).
Next, Jorge contends that as he and Mario were depicted as close cousins, Mario's admissions infected Jorge's trial with prejudice. No such objection having been raised at trial, however, the error is not properly preserved for appellate review. State v. Barber, 301 So.2d 7, 9 (Fla. 1974), and cases cited therein.
As to the contention that the court erred in not granting a mistrial based on comments in the prosecutor's closing argument, the record reflects that no motion for mistrial was made at the time of the comments complained of. Therefore, the court could not have erred in failing to grant a mistrial. Thomas v. State, 326 So.2d 413 (Fla. 1975). In addition, we find that the statements were fair comments within the bounds of the evidence. See Spencer v. State, 133 So.2d 729, 731 (Fla. 1961); Johnsen v. State, 332 So.2d 69 (Fla. 1976). The proper remedy, if any, would have been to request the trial court to make a corrective instruction. Mabery v. State, 303 So.2d 369, 370 (Fla. 3d DCA 1974).
The defendants further contend that the court erred in admitting into evidence mug shots of them where identity was not at issue, and where the mug shots served no useful purpose except to prejudice the defendants by implying that they had been guilty of prior unrelated crimes. Generally, reference to mug shots does not require an automatic reversal; rather, the question must be resolved on the basis of the entire record and surrounding circumstances under which the photographs were introduced. Loftin v. State, 273 So.2d 70, 71 (Fla. 1973). See also Williams v. State, 233 So.2d 428 (Fla. 3d DCA 1970). Our examination of the entire record and surrounding circumstances in this case, including the precautions taken by the trial judge in "cropping" the photographs, reveals that the introduction of the photographs was harmless, at most, and that there was no error committed that injuriously affected the substantial rights of the defendants.
The final point on appeal, which concerns the admission into evidence of the billiard ball, is without merit.
For the reasons stated and on the authorities cited, the judgments of conviction and sentences of both defendants are
Affirmed.