418 So.2d 435 (1982)
Lawrence C. MOORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1321.
District Court of Appeal of Florida, Third District.
August 24, 1982.
*436 Bennett H. Brummer, Public Defender and Myron M. Gold, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
Defendant was convicted of burglary, sexual battery, robbery (three counts), aggravated battery, unlawful possession of a firearm while engaged in a criminal offense, and dealing in stolen property (six counts). No reversible error is demonstrated by this appeal.
The evidence, by its weight and legal sufficiency, supports the jury verdict of guilty beyond a reasonable doubt. Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), aff'd, 454 U.S. 963, 102 S.Ct. 502, 70 L.Ed.2d 378 (U.S. 1982); Knight v. State, 392 So.2d 337 (Fla. 3d DCA 1981).
A police witness's inadvertent statement while testifying that "I got the picture from the files" in response to the prosecutor's inquiry as to how a photographic line-up was assembled did not require a mistrial. The prosecutor was obviously seeking to establish, as shown by succeeding questions, that the line-up was non-suggestive. The fact that a photograph, cropped of its customary "mug shot" markings, is in police files does not necessarily convey to a jury that a defendant has committed prior crimes or has previously been in trouble with the police; a jury instruction to that effect, if requested and given, would have cured the error. See Loftin v. State, 273 So.2d 70 (Fla. 1973); Mancebo v. State, 350 So.2d 1098 (Fla. 3d DCA 1977).
Appellant further contends here that the prosecutor's reading of the defendant's home address to the jury from an *437 arrest affidavit not in evidence, for the purpose of destroying an alibi defense by showing that the defendant lived and was near the scene when the crime was committed, constituted improper rebuttal. We find it was not harmful error, and even if it had been, an objection grounded solely on relevancy was insufficient to preserve the issue for review. The testimony was quite relevant. A proper objection to the testimony would have been that it was hearsay. Rolle v. State, 416 So.2d 51 (Fla. 4th DCA 1982). If a proper objection is not interposed at the time the evidence is presented, the appellant will be deemed to have waived his objection. United States v. Fox, 613 F.2d 99 (5th Cir.1980) (claim of error in not establishing proper foundation to rely on coconspirator objection to hearsay rule was waived where the specific ground of objection asserted at trial was irrelevancy); Reis v. State, 248 So.2d 666 (Fla. 3d DCA 1971); Bertone v. State, 224 So.2d 400 (Fla. 3d DCA 1969), cert. denied, 398 U.S. 943, 90 S.Ct. 1860, 26 L.Ed.2d 279 (1970); see Roban v. State, 384 So.2d 683 (Fla. 4th DCA 1980), pet. for review denied, 392 So.2d 1378 (Fla. 1980) (defendants who relied on different ground for objection at trial to introduction of evidence than on motion to suppress waived previous grounds relied upon).
Affirmed.