422 So.2d 60 (1982)
James Alvin EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-959.
District Court of Appeal of Florida, Third District.
November 9, 1982.
Bennett H. Brummer, Public Defender and Harold Mendelow, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Scott Silver and Calvin Fox, Asst. Attys. Gen., for appellee.
Before SCHWARTZ and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellant visited the victim's jewelry store purportedly to purchase jewelry. While the owner was in the rear of the store engraving, the saleslady waiting on the appellant left him alone in the front to get him water at his request. After receiving the water, the appellant told the saleslady that he had spilled some on himself and would like to go out and clean up. The saleslady then unlocked the electronically controlled front door and he left. The storeowner came out, saw appellant getting into a cab and noticed that several items of expensive jewelry were missing from display cabinets. He ran after appellant attempting to catch him, but was unsuccessful. Neither the saleslady nor the owner saw any other person in the store during the entire episode.
At trial the following exchange took place between the victim and defense counsel on cross-examination:
Q. How many times did the police come to your store other then on the first day?
A. I believe that's all. We went down to the police station instead of them coming to us.
Q. It was once or twice?
A. Twice.
Q. Once for what purpose?
A. We had to identify who it was by mug shots. (e.s.)
Defense counsel's motion for mistrial set forth no specific grounds and was denied. There was no request for a curative instruction. Appellant contends that the reference to mug shots was so prejudicial that a new trial is required. We cannot agree.
Usually, a reference to mug shots does not necessitate an automatic reversal; rather the question must be resolved on the *61 basis of the entire record and surrounding circumstances. See Loftin v. State, 273 So.2d 70 (Fla. 1973); Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982); Mancebo v. State, 350 So.2d 1098 (Fla. 3d DCA 1977). Appellant concedes that identification of defendant as a person in the store on the date of the theft is not an issue. The real question is whether the circumstantial evidence excludes as a reasonable inference that someone other than the appellant took the jewelry from the store. The words "mug shot", used by the witness in describing how she identified appellant, on this record, did not injuriously affect the substantial rights of the defendant and was therefore, at most, harmless error. A reference to a mug shot in police files does not necessarily convey to a jury that a defendant has committed prior crimes or has previously been in trouble with the police. Under these circumstances, including eyewitness identifications, a jury instruction, if requested and given, would have cured the error. Loftin v. State, 273 So.2d 70; Moore v. State, 418 So.2d 435 and Mancebo v. State, 350 So.2d 1098.
Affirmed.