LEHAN, Judge.
Appellant was charged by a multiple count information with, and convicted of, armed robbery and robbery with a firearm. On appeal, appellant contends the trial court erred in (1) failing to grant a motion for mistrial made on grounds that the jury heard testimony from a witness for the state that the witness had looked at “mug shots” during a pretrial identification procedure; (2) imposing consecutive three year mandatory minimum sentences based upon a misconception that section 775.087(2)(a), Florida Statutes (1981), requires consecutive mandatory minimum sentences; and (3) imposing various costs against a previously adjudged insolvent defendant.
We affirm as to appellant’s first point. Although references to “mug shots” of a defendant could constitute error, such error does not lead to automatic reversal and may be harmless if there was other competent evidence, as there was here, identifying defendant. State v. Rucker, 330 So.2d 470 (Fla.1976); Loftin v. State, 273 So.2d 70 (Fla.1973). Also, answers of jurors to questioning by the trial court indicated that the jury did not give prejudicial consideration to either the photographs or the term “mug shots.” In addition, in contrast with Rucker and Loftin, the term “mug shots” was not used by the prosecutor but was contained in an unsolicited remark by a witness for the state.
As to appellant’s second point, consecutive three year minimum mandatory sentences may be imposed pursuant to section 775.087(2)(a) under the circumstances of this case. However, whether such minimum mandatory sentences shall run consecutively or concurrently is within the discretion of the sentencing judge. Brown v. State, 353 So.2d 214 (Fla. 2d DCA 1977). The record supports appellant’s position that the sentencing judge was of the opinion that the statute required him to impose consecutive three year mandatory minimum sentences. Therefore, we reverse and remand for resentencing at which the trial judge will exercise his foregoing discretion.
As to appellant’s third point, we strike the costs imposed. Appellant was adjudged insolvent, and the public defender was appointed to represent him. See Brown v. State, 427 So.2d 271 (Fla. 2d DCA 1983) (question certified).
Accordingly, we AFFIRM appellant’s convictions, STRIKE the costs imposed, and REMAND to the trial court for resentenc-ing.
OTT, C.J., and BOARDMAN, J., concur.