438 So.2d 152 (1983)
Ronnie WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-287.
District Court of Appeal of Florida, Third District.
September 20, 1983.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Marti Rothenberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Williams' sole contention on appeal is that the trial court erred in denying his motion for mistrial occasioned by the testimony of a police officer, during direct *153 examination by the State, that a photograph of the defendant which the victim of the robbery had identified in a photo line-up was not available at trial because it had been "used in another investigation" and had been misplaced. We reject Williams' contention and affirm his convictions upon a holding that (1) any prejudice to the defendant arising from the possible suggestion in the testimony that the defendant was a suspect in another crime was completely dissipated by the officer's immediate explanation to the jury that Williams was not a suspect in the other investigation and that his photograph was used simply as "a filler" for a photographic line-up,[1]see Hernandez v. State, 323 So.2d 318 (Fla.3d DCA 1975) (court correctly denied defendant's motion for mistrial based on statement by witness that the defendant "was arrested by the federal ..." where witness clarified that the arrest mentioned was for the charges for which defendant was on trial); see also Wallace v. State, 221 So.2d 759 (Fla.3d DCA 1969) (error in admitting arguably objectionable testimony cured by the court's subsequent explanation to the jury); (2) assuming, arguendo, that a jury might infer from the fact that a photograph of the defendant was shown to the victim that the photograph came from police files, "that does not necessarily convey to a jury that [the] defendant has committed prior crimes or has previously been in trouble with the police," and a jury instruction to that effect, had one been requested, which here it was not, would cure any error, Evans v. State, 422 So.2d 60, 61 (Fla.3d DCA 1982); Moore v. State, 418 So.2d 435, 436 (Fla.3d DCA 1982); and (3) in light of the overwhelming evidence of the defendant's guilt,[2] any undissipated prejudice arising from the police officer's testimony must be deemed harmless error.
Affirmed.
NOTES
[1] In our view, this explanation was far more curative of the potential prejudice than the trial court's instruction to the jury to disregard the police officer's statement that the photograph had been "used in another investigation" which itself was sufficient to cure any error. See, e.g., Warren v. State, 270 So.2d 8 (Fla. 1972) (testimony of witness that defendant was in a "boy's school" was not prejudicial error, where court instructed jury to disregard the testimony); Riley v. State, 367 So.2d 1091 (Fla.3d DCA 1979) (reference in testimony by police officer to the several charges for which the defendant was arrested rendered harmless by curative instruction to jury); Flowers v. State, 351 So.2d 764 (Fla.3d DCA 1977) (trial court did not err in denying defendant's motion for mistrial when officer's statement that he "recognized [the defendant] from probably previous things" was subject of curative instruction to jury); Sykes v. State, 329 So.2d 356 (Fla. 1st DCA 1976) (court properly denied mistrial after instructing jury to disregard statement by officer that he had seen the defendant in jail on several occasions); Williams v. State, 327 So.2d 798 (Fla.3d DCA 1976) (jury instruction to disregard statement of police officer that he first came in contact with defendant when he arrested him on a bench warrant rendered error harmless); Rhome v. State, 222 So.2d 431 (Fla.3d DCA 1969) (instruction to jury to disregard statement by police officer that there were "some other circumstances involving the defendant" sufficient to overcome possibility of prejudice); Monroe v. State, 218 So.2d 209 (Fla.2d DCA 1969) (testimony of police officer that the defendant "was involved in the same type of incident prior to that" harmless error in view of the court's instruction to the jury to disregard the testimony); Kelly v. State, 202 So.2d 901 (Fla.2d DCA 1967) (trial court did not abuse discretion in denying motion for mistrial after instructing jury to disregard statement by police officer that he was assigned to the surveillance of "two known felons").
[2] The defendant robbed a taxi driver who had picked him up at a hotel. He forced the driver out of the cab and drove the cab away. The cab was located two blocks away by the police, and found therein was the defendant's wallet which contained his driver's license and other papers upon which the defendant's handwriting appeared. Moreover, the victim had ample opportunity to observe the defendant and unhesitatingly identified him.