DANIEL S. PEARSON, Judge,
concurring.
I think it is time to make clear that the probative value, if any, of testimony concerning the source of a defendant’s picture in a photographic lineup is always outweighed by its potential for prejudice when that testimony reveals the source to be another investigation, Williams v. State, *982 438 So.2d 152 (Fla. 3d DCA 1983); mug shots, Evans v. State, 422 So.2d 60 (Fla. 3d DCA 1982); police files, Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982); or, as here, the investigation of other cases. Such testimony is therefore inadmissible. Neither this decision nor our cited recent decisions holding that any error in admitting such testimony can be cured by an appropriate instruction[1] or, as in Williams, by explanatory testimony, are to be construed by prosecutors as invitations to commit the error or as affecting the prosecutor’s obligation to avoid deliberately eliciting such testimony so as to tip the scales against a defendant. See Molina v. State (Fla. 3d DCA 1983) (Case No. 82-870, opinion filed October 4, 1983) (Pearson, J., concurring).
JORGENSON, J., concurs with DANIEL S. PEARSON, J.

. In the present case, the defendant did not object to the testimony when it was adduced. Much later when he moved for a mistrial, the trial court told him that had he timely objected, the court would have sustained the objection and given a curative instruction to the jury. The court then offered to give a belated curative instruction, and the defendant, persisting in his motion for mistrial, rejected the offer. I fully agree with the majority that the defendant was not entitled to a mistrial.