445 So.2d 1091 (1984)
Raymond R. RUSSELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1530.
District Court of Appeal of Florida, Third District.
February 28, 1984.
William Kuypers, Key West, for appellant.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Raymond Russell appeals from a conviction and sentence for the crime of aggravated battery. He alleges as error the denial of a defense motion for mistrial which was predicated upon the following question and answer during the state's case in chief:
Q Would you tell me what this photo album looks like? Describe it for the jury.
A Big photo album like a photo album except you have photographs of people that we've arrested in the past or whatever. It's like a mug photo album.
Russell promptly moved for a mistrial. The trial court denied the motion. Relying on State v. Rucker, 330 So.2d 470 (Fla. 1976), the state argues that a reference to "mug shots" does not constitute reversible error in all cases. We agree. We nevertheless reverse and remand for a new trial because the error here complained of, based upon our review of the entire record, was indeed highly prejudicial.
*1092 The issues in this case involve the credibility of the state's primary witness, Denise Reiser, and that of the defendant. Identification was never an issue in this trial. The jury's focus was necessarily on the believability of the defendant's testimony. The totally unnecessary question regarding the photo album begged for the highly prejudicial answer which may have created an inference in the jury's mind that the defendant had previously been involved with the police. The reference here is not harmless within the meaning of section 924.33, Florida Statutes (1981).
Viewing the entire record and circumstances we hold that it was error to deny Russell's motion for a mistrial. See Loftin v. State, 273 So.2d 70 (Fla. 1973); see also Encinosa v. State, 431 So.2d 705 (Fla. 2d DCA 1983) (the denial of defendant's motion for mistrial was proper where identity was an issue and there was other competent evidence identifying the defendant besides references to mug shots); Evans v. State, 422 So.2d 60 (Fla. 3d DCA 1982) (no harmful error where defense counsel elicited reference to mug shots); Mancebo v. State, 350 So.2d 1098 (Fla. 3d DCA 1977), cert. denied mem., 359 So.2d 1217 (Fla. 1978) (circumstances rendered introduction of "cropped" mug shots harmless error at most).
Reversed and remanded for a new trial.