463 So.2d 425 (1985)
Marlon S. McCALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2698.
District Court of Appeal of Florida, Third District.
February 5, 1985.
*426 Bennett H. Brummer, Public Defender; and Loren H. Cohen and Julian S. Mack, Sp. Appointed Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Michael Neiman and Richard Doran, Asst. Attys. Gen., for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
BASKIN, Judge.
The primary issue presented in this appeal from a robbery conviction and fifteenyear sentence is whether the unsolicited trial testimony of a police detective that he obtained a description of appellant from the "police rap sheet" mandated the granting of a mistrial. We affirm upon a holding that based upon the circumstances of this case and appellant's failure to request a curative instruction, the comment did not rise to the level of prejudicial error requiring a mistrial.
The extent of possible prejudice arising from an improper comment must be evaluated in the context of the surrounding circumstances. Loftin v. State, 273 So.2d 70 (Fla. 1973); D'Anna v. State, 453 So.2d 151 (Fla. 1st DCA 1984); Evans v. State, 422 So.2d 60 (Fla. 3d DCA 1982); Mancebo v. State, 350 So.2d 1098 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1217 (Fla. 1978). See Ferguson v. State, 417 So.2d 639 (Fla. 1982). Cf. Harris v. State, 427 So.2d 234 (Fla. 3d DCA 1983) (detective's testimony that defendant had prior felony past inadmissible and not rendered harmless where state's case not overwhelming, given testimony of alibi witnesses). A witness's comment "may be erroneously admitted yet not be so prejudicial as to require reversal." Ferguson, 417 So.2d at 642. See Loftin; Encinosa v. State, 431 So.2d 705 (Fla. 2d DCA 1983). Cf. Russell v. State, 445 So.2d 1091 (Fla. 3d DCA 1984) (although reference to mug shots not reversible error in all cases, reversible error where identity not issue at trial).
The victim of the robbery identified appellant as the man with whom she had struggled just before he took her belongings and disappeared in an automobile. She stated that she had previously seen the man in the same neighborhood and was certain that he was the individual who committed the crime. Her unequivocal identification rendered harmless any error which may have resulted from the improper statement. See Loftin; Encinosa.
Furthermore, appellant's failure to request a curative instruction precludes consideration of his argument that the prejudice was incurable. See Ferguson (in absence of defense request for instruction to jury to disregard testimony, trial court correctly denied motion for mistrial where any prejudice arising from remark about defendant's prior incarceration could have been corrected by such instruction); Bell v. State, No. 82-2009 (Fla. 3d DCA Dec. 18, 1984) [10 FLW 69] (cautionary instruction to jury cured error of witness's reference to police photo lineup); Evans (where eyewitness made identification, reference to mug shot does not require reversal because jury instruction, if requested, would have cured error); Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982) (jury instruction, if requested and given, would have cured error of witness's statement that defendant's photograph was obtained from police files). Cf. Harris (cautionary instruction did not cure prejudicial impact of testimony of defendant's prior felony past where jury not told testimony inadmissible or that testimony should be disregarded).
Appellant further asserts that he was limited in cross-examining the victim. *427 The record reflects that the trial court sustained the state's objection because the questions were repetitious. We agree. Finding no reversible error, we affirm.
Affirmed.