PER CURIAM.
This is an appeal by the state from an order granting a motion for new trial filed by the defendants Lucia Bermudez and Jorge Jimenez in a prosecution below for trafficking in cocaine. The sole basis for the new trial order was a comment by the prosecuting attorney in his closing argument which, in the trial court’s view, was improper because it suggested to the jury that the defendants had sold cocaine on other occasions than the incident for which the defendants were on trial. We disagree and reverse based on the following briefly stated legal analysis.
First, the prosecuting attorney, in closing argument, replied to an argument made by one of the defense counsel in the case that the undercover police officer, who testified in the cause, was a liar. The prosecutor stated “I would love to bring to you rabbis and priests and nuns and school teachers to whom these people have sold cocaine, but I can’t do it.” A defense objection to this argument was sustained, the jury was instructed to disregard the comment, and the prosecuting attorney continued
*422 “If Eladio Paez [the undercover officer] had worked in a police uniform, if he was wearing a City of Miami police uniform, Lucia Bermude[z] wouldn’t have given him that cocaine.
The point is Eladio Paez doesn’t lie when he takes on an undercover capacity, there is no lie involved there; that’s his job.”
Second, read in context, it is plain that the prosecuting attorney was, in effect, pointing out to the jury that narcotics transactions of this nature do not take place in front of respectable-type people, and that, accordingly, the state can’t call such people as witnesses — not that the defendants had, in fact, sold narcotics to rabbis, priests, nuns and school teachers, as the comment literally states. Moreover, to the extent that the comment might have been taken literally, we think the trial court’s instruction to disregard this comment entirely, together with sustaining a defense objection thereto, adequately cured whatever error might have occurred. A new trial was not required based on this comment, and it was an abuse of discretion for the trial court to so find. See Williams v. State, 438 So.2d 152, 153 n. 1 (Fla. 3d DCA), rev. dismissed, 443 So.2d 981 (Fla. 1983); State v. Woodson, 330 So.2d 152, 154 (Fla. 4th DCA 1976); Broge v. State, 288 So.2d 280, 281 (Fla. 4th DCA), cert. denied, 295 So.2d 302 (Fla.), cert. denied, 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 74 (1974).
This is also a cross appeal by the defendant Jorge Jimenez in which it is claimed that the trial court erred in denying his motion for judgment of acquittal at trial. We cannot agree because the state’s evidence at trial plainly established that defendant Jimenez aided and abetted the defendant Bermudez in the delivery of the requisite amount of cocaine to the undercover police officer herein as required by Sections 777.011 and 893.135, Florida Statutes (1985). See Brown v. State, 428 So.2d 250, 252 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Beasley v. State, 360 So.2d 1275, 1277 (Fla. 4th DCA 1978).
The new trial order under review is reversed on the main appeal, the denial of Jimenez’ motion for judgment of acquittal is affirmed on the cross appeal, and the cause is remanded to the trial court with directions to impose sentence in this cause.
Reversed in part; affirmed in part; and remanded for sentencing.