561 So.2d 1281 (1990)
Lawrence SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01030.
District Court of Appeal of Florida, Second District.
May 23, 1990.
*1282 James Marion Moorman, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
We affirm defendant's conviction for burglary. Contrary to defendant's contention, we do not conclude that the trial court erred in denying defendant's motion in limine to exclude testimony concerning defendant's use of an alias. His use of an alias was relevant. He gave the alias to the officers who questioned him about the burglary and thereby concealed his true identity. See § 90.404(2)(a), Florida Statutes (1987). Also, the contention was not preserved for appeal by an objection to the testimony concerning his use of an alias. See Correll v. State, 523 So.2d 562, 566 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988).
We reverse defendant's sentence as an habitual offender. The trial court did not find either in writing or orally on the record that an enhanced sentence was necessary to protect the public from further criminal activity as required by section 775.084(4)(a), Florida Statutes (1987), which was in effect at the time of the crime. While section 775.084(4)(a) was amended to omit that requirement and the amendment was in effect at the time of defendant's sentencing, application of the amendment to defendant's sentence would constitute an ex post facto violation. The reason is that defendant was disadvantaged by the amendment in that application of the amendment would essentially foreclose any challenge to defendant's habitual offender sentence on appeal. We do not agree with the state's argument that the amendment did no more than effect a procedural change. See State v. McGriff, 537 So.2d 107, 108 (Fla. 1989) (retroactive application of an amendment to the sentencing guidelines which precluded appellate review of an upward departure for which the trial court used invalid reasons if the trial court also used a valid reason would constitute an ex post facto violation because defendant was disadvantaged by the amendment). In this case, as in McGriff, the amendment would effectively remove defendant's ability to obtain appellate review of the enhanced sentence.
*1283 The sentence is reversed and the cause remanded for resentencing. On remand the trial court may again impose an habitual offender sentence if proper findings are made. See Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990) [15 F.L.W. D834]; Scott v. State, 446 So.2d 261, 262 (Fla. 2d DCA 1984).
SCHOONOVER, A.C.J., and FRANK, J., concur.