PER CURIAM.
This is an appeal by the defendant Billy Joe Wynn from final judgments of conviction and sentences for (1) armed burglary of a dwelling, (2) grand theft, and (3) grand theft of a firearm. The defendant’s sole point on appeal is that the trial court erred in (1) denying his pretrial motion in limine in which he sought to preclude the state from introducing in evidence any proofs that the defendant had used aliases in the past, including the name Danny Russell Redden, and (2) in admitting in evidence at trial that the defendant used the name Danny Russell Redden and other names as well. We affirm.
It is undisputed that Billy Joe Wynn — the name under which the defendant was charged in the information below —was, in fact, an alias and that Danny Russell Redden was the defendant’s real name. The defendant, however, did not object to being charged under an alias and at no time requested that the information be amended to reflect his correct name. See Fla.R.Crim.P. 3.140(j). This being so, the defendant, in our view, is in no position to complain about the admission in evidence of his real name, Danny Russell Redden. Moreover, the admission of this evidence was relevant, in any event, to establish that the name Danny Russell Redden, which appeared on the defendant’s fingerprint card subsequently admitted in evidence without objection was, in fact, the defendant, although charged as Billy Joe Wynn; the fingerprint card was used by the state to establish that the latent fingerprints lifted from the burglary scene in this case matched the fingerprints on the defendant’s fingerprint card. Parker v. State, 456 So.2d 436, 442-43 (Fla.1984); Smith v. State, 561 So.2d 1281 (Fla. 2d DCA 1990). Finally, any error in the admission in evidence of other aliases used by the defendant was waived for appellate review when the defendant did not object to the admission of his fingerprint card which contained such aliases. Correll v. State, 523 So.2d 562, 566 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988); Jones v. State, 360 So.2d 1293, 1296 (Fla. 3d DCA 1978); Stanley v. State, 357 So.2d 1031, 1034 (Fla. 3d DCA), cert. denied, 364 So.2d 891 (Fla.1978).
Affirmed.