576 So.2d 1358 (1991)
Pedro CABRERA, a/K/a Arlix Fuentes, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1272.
District Court of Appeal of Florida, Third District.
April 2, 1991.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before COPE, LEVY and GODERICH, JJ.
COPE, Judge.
Pedro Cabrera appeals his convictions and sentences of aggravated battery, robbery and possession of a vehicle with an altered vehicle identification number. We affirm the convictions but reverse the sentences.
With regard to the first issue on appeal, assuming arguendo that the point was properly preserved, we conclude that *1359 the trial court did not abuse its discretion in admitting evidence of the defendant's use of other names. See United States v. Williams, 739 F.2d 297 (7th Cir.1984); United States v. Kalish, 690 F.2d 1144, 1155 (5th Cir.1982), cert. denied, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983); Wynn v. State, 571 So.2d 34 (Fla. 3d DCA 1990); Weston v. State, 452 So.2d 95 (Fla. 1st DCA), review denied, 456 So.2d 1182 (Fla. 1984).
With regard to the second issue, the State concedes that the defendant's objection during the prosecutor's closing argument should have been sustained insofar as it was susceptible of a suggestion that defendant may be engaged in other uncharged criminal conduct. See Randolph v. State, 556 So.2d 808, 809 (Fla. 5th DCA 1990); see generally Shorter v. State, 532 So.2d 1110, 1111 (Fla. 3d DCA 1988); State v. Bermudez, 515 So.2d 421, 422 (Fla. 3d DCA 1987). We conclude, however, that the comments complained of by defendant were harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).[1]
Defendant's third point has merit. At the time of the offenses defendant was on probation. For disposition of the instant case, a category 3 sentencing guidelines scoresheet was prepared. Item IV of the scoresheet, "legal status at time of offense," specifies 17 points if defendant is under legal constraint. Id.; see Fla.R. Crim.P. 3.701(d)(6).
In preparing the scoresheet the court assessed 17 points for each of the three counts, for a total of 51 points for legal constraint. That approach  multiplying legal constraint points times each count  has been adopted in the fourth and fifth districts. See Carter v. State, 571 So.2d 520 (Fla. 4th DCA 1990); Green v. State, 570 So.2d 1014 (Fla. 5th DCA 1990) (question certified); Flowers v. State, 567 So.2d 1055 (Fla. 5th DCA 1990); Walker v. State, 546 So.2d 764 (Fla. 5th DCA 1989).
The second district has interpreted the guidelines to call for assessment of legal constraint only once per scoresheet. See Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991); see also Scott v. State, 574 So.2d 247 (Fla. 2d DCA 1991); Worley v. State, 573 So.2d 1023 (Fla. 2d DCA 1991). See generally Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 and 3.988), 576 So.2d 1307 (Fla. 1991). We think the latter is the better view and align ourselves therewith. We certify conflict with the fourth and fifth district decisions cited above.
Assuming the second district approach is adopted, the State suggests the following analysis. The guidelines scoresheet was designed on the assumption that it would ordinarily be used for sentencing after disposition of a single indictment or information. By definition, offenses joined in a single indictment or information "are based on the same act or transaction or on two or more connected acts or transactions." Fla. R.Crim.P. 3.150(a). The guidelines contemplate that legal constraint will be scored only once for the single indictment or information, regardless of the number of counts therein.
If two or more indictments or informations are brought on for simultaneous sentencing, only a single scoresheet will be prepared. Clark v. State, 572 So.2d 1387, 1389-91 (Fla. 1991); Fla.R.Crim.P. 3.701(d). The scoresheet only allows legal constraint points to be assessed once, even though they could be assessed for each separate information or indictment if there were separate sentencings.[2] Under existing sentencing guidelines doctrine, where there is a pertinent factor not otherwise scored on the guidelines scoresheet, that unscored factor can serve as a basis for departure. See Booker v. State, 514 So.2d 1079, *1360 1080 (Fla. 1987). Thus, where there are multiple indictments or informations brought on for simultaneous sentencing on a single scoresheet, legal constraint points would be assessed only once, but the unscored factor  independent criminal episodes for which legal constraint points cannot be assessed  would be a basis for departure.[3]
The present case involves sentencing upon conviction under a single information. Points for legal constraint should have been scored only once. Elimination of the excess points will reduce the guideline ranges. We therefore reverse the sentencing order and remand for resentencing under a corrected scoresheet.
Because the scoring issue presented here affects numerous sentencings on a daily basis, we certify that we have passed on a question of great public importance:
Whether legal constraint points may be assessed more than once on a single sentencing guidelines scoresheet?
Convictions affirmed; sentencing order reversed and remanded for resentencing; conflict certified; question certified.
NOTES
[1] Defendant also contends that other comments in closing argument by the prosecutor, although not objected to, constituted fundamental error. We disagree. Assuming the comments were improper, and assuming the point was properly preserved, we think the comments were harmless. State v. DiGuilio.
[2] For purposes of this example, it is assumed that the defendant was under legal constraint at the time of the events giving rise to each information or indictment.
[3] The "indictment or information" analysis refers to the current charges being sentenced at disposition. Where there is a simultaneous revocation of probation, the penalty imposed for the offense for which the defendant was on probation is that provided by the one-cell increase of Florida Rule of Criminal Procedure 3.701(d)(14). See Ree v. State, 565 So.2d 1329, 1331 (Fla. 1990).