OPINION ON MOTION FOR REHEARING AND CLARIFICATION
BARKDULL, Judge.
Appellant appeals his conviction and sentence to twenty-two years in prison entered by the trial court pursuant to a jury verdict which found the defendant guilty of burglary and grand theft.
On the night of December 23, 1987, Joyce and Lucas Rivera, and their two children went Christmas shopping. When they returned home they found the front door chain locked on the inside. Upon breaking in they discovered things strewn all over the apartment and a VCR, TV, stereo, and some cash missing, along with some Christmas presents. The Riveras found the kitchen door with the jalousie glass removed and the screen bent back. The appellant was arrested and charged with bur *769 glary and grand theft. At trial, Miami Beach fingerprint technician Paul Martinez, testified he compared latent prints taken off the glass with two sets of Nodel’s standard prints that he took and the other he received from the Metro Dade Police Dept. Defense moved for a mistrial on the grounds that the testimony violated the Williams Rule. The motion was denied. Martinez definitely testified that one of the latent prints matched the standard print of Nodel. At lunch break on the first day of the trial, Nodel disappeared and the trial continued in his absence. At the conclusion of the state’s case, Nodel’s counsel renewed his motion for judgment of acquittal which was denied. The jury found No-del guilty of burglary and grand theft. Some nine months later, Nodel was arrested on an alias warrant and appeared for sentencing. The guidelines called for a sentence of twelve to seventeen years. The state requested a departure from the guidelines on the ground that Nodel was an habitual offender. The judge denied the motion to depart, found Nodel to be an habitual offender and sentenced him to twenty-two years in prison. The trial judge did not make a finding that habitual offender sentencing was necessary for protection of the public.
On appeal, Nodel contends that the trial court erred in denying his motion for mistrial where the fingerprint technician offered testimony implying that Nodel had a prior arrest in violation of the Williams Rule, and that it also erred in departing from the sentencing guidelines without providing written reasons for doing so and in sentencing the defendant as an habitual offender without a finding that such sentencing was necessary for protection of the public.
As to the appellant’s first point, the witness’s comment may have been erroneously admitted, but it was not so prejudicial as to require a reversal when evaluated in the context of the surrounding circumstances. See Ferguson v. State, 417. So.2d 639 (Fla.1982); McCall v. State, 463 So.2d 425 (Fla. 3d DCA 1985). Furthermore, the defense did not request a curative instruction which could have corrected any error. See McCall v. State, supra.
As to the second point, the state concedes error as to the sentencing on the authority of Roberson v. State, 555 So.2d 976 (Fla. 1st DCA 1990); McCaskell v. State, 542 So.2d 461 (Fla. 5th DCA 1989); Florida Rules of Criminal Procedure Re: Sentencing Guidelines, 522 So.2d 374 (Fla.1988).
Therefore, the conviction is affirmed, the sentence is reversed and the case is remanded with directions for resen-tencing within the guidelines. While it was neither raised nor argued herein, we are not unmindful of the fact that an improper general sentence for multiple convictions was entered in the instant case. See Lewis v. State, 567 So.2d 50 (Fla. 5th DCA 1990); Rule 3.701(d)(12), Florida Rules of Criminal Procedure. However, in as much as we have reversed the sentence imposed herein, and have remanded for resentencing, we feel confident that the trial court will correct this upon resentencing.
Affirmed in part, reversed in part, and remanded with directions.