DANAHY, Acting Chief Judge.
J.B. Sipp appeals his judgments and sentences for a 1986 aggravated battery which formed the basis for a revocation of probation for an underlying burglary offense committed in 1983. He raises four issues, in two of which the state concedes error. We find no merit in the remaining two issues: There was sufficient evidence beyond mere hearsay to support the revocation of Sipp’s probation and the record does not support his claim that two scoresheets were used.
On the remaining issues in which the state concedes error, we reverse the habitu-alized sentence of thirty years in prison for the aggravated battery on two grounds. First, the proper findings that enhancement of the sentence under section 775.084, Florida Statutes (1985), was necessary for the protection of the public were not made; second, the sentence imposed constituted a departure from the guidelines for which no written reasons were entered. It is clear from this record that at the sentencing hearing held in 1991 the trial judge thought the guidelines did not apply to the habitual offender before him. But the guidelines did apply based upon the date of the offense for which sentence was being imposed. Upon remand, the court may again habitualize the appellant if the proper findings are made as required by section 775.-084(4)(e), Florida Statutes (1985). Smith v. State, 561 So.2d 1281 (Fla. 2d DCA 1990). Because the court did not realize that it was imposing a departure sentence, should the court see fit to depart at resentencing, it may do so if there are sufficient reasons which existed at the time of the original sentencing under the law in effect at the time of the offense. Jones v. State, 559 So.2d 204 (Fla.1990).
We affirm both judgments and the sentence for the burglary offense underlying the probation that was revoked but reverse the sentence imposed for the aggravated battery. We remand for resentencing in accordance with this opinion.
SCHOONOVER and HALL, JJ., concur.