PER CURIAM.
This is an appeal by the defendant Rodney Robinson from a judgment of conviction and sentence for armed robbery based on an adverse jury verdict. The defendant raises three points on appeal, none of which rise to the level of reversible error; we accordingly affirm.
*191 First, the trial court did not err in denying the defendant’s motion for a mistrial after the complainant testified that the police asked him “if I have object [sic] like mask or screwdriver there,” referring to his ear which the defendant had been driving when arrested, “and I tell [sic] them it didn’t belong to me.” We think this fleeting and rather vague testimony did not, as urged, tend to show that the defendant had committed past crimes for which he was not on trial. Moreover, this testimony was not intentionally elicited and whatever harm it may have caused could have been cured by an appropriate cautionary jury instruction, which the trial court offered to give, but which the defendant expressly refused. Under these circumstances, no reversible error has been shown. See McCall v. State, 463 So.2d 425 (Fla. 3d DCA 1985); Williams v. State, 438 So.2d 152, 153 n. 1 (Fla. 3d DCA), rev. denied, 443 So.2d 981 (Fla.1983); Evans v. State, 422 So.2d 60 (Fla. 3d DCA 1982).
Second, the trial court did not commit reversible error under the circumstances of this case in admitting in evidence police testimony that the defendant gave several different names and dates of birth to the police when arrested. Cabrera v. State, 576 So.2d 1358, 1359 (Fla. 3d DCA), aff'd, 589 So.2d 287 (Fla.1991); Smith v. State, 561 So.2d 1281, 1282 (Fla. 2d DCA 1990). Nor has any reversible error been shown in the trial court’s denial of defendant’s pre-trial motion for a severance of counts with reference to the resisting arrest count on which the defendant was ultimately acquitted. Solomon v. State, 596 So.2d 789, 791 (Fla. 3d DCA 1992).
Finally no reversible error has been shown regarding (a) the complained-of jury instruction and (b) the complained-of prosecutor’s comment during final argument to the jury. No defense objection was raised at trial to either the instruction or the comment; moreover, contrary to the defendant’s argument, no fundamental error has been presented with reference to these points. See State v. Cumbie, 380 So.2d 1031, 1032-33 (Fla.1985); Irving v. State, 627 So.2d 92, 93-94 (Fla. 3d DCA 1993); Trinidad v. State, 615 So.2d 806, 808 (Fla. 3d DCA 1993).
Affirmed.