PER CURIAM.
Defendant-appellant was informed against for robbery, tried by jury, found guilty and sentenced to 99 years in the state penitentiary.
Appellant first urges as reversible error the trial court’s denial of his motions for mistrial upon the prosecutor’s reference to and the introduction into evidence and submission to the jury of “mug shots” of the defendant. We find this point well taken.
An examination of the record in the case sub judice clearly reflects that the prosecutor during his closing argument to the jury referred twice to the photographs of the defendant, which were introduced during the trial as “mug shots”. In addition, the record further demonstrates that although the police identification numbers of the defendant’s photographs were concealed, these numbers on the bottom of some of the other photographs, which were submitted to the jury for their review along with those photographs of the defendant, remained uncovered. The subject photographs, showing a front and profile view together with the dates, numbers and name of the police department, clearly indicated to the jury the nature thereof. See Barnes v. United States, 124 U.S.App.D.C. 318, 365 F.2d 509 (1966). Thus, we find that the reference to introduction into evidence and submission to the jury of the defendant’s “mug shots” in the instant case constituted reversible error. See Loftin v. State, Fla. 1973, 273 So.2d 70; Jones v. State, Fla.App.1967, 194 So.2d 24; Whitehead v. State, Fla.App.1973, 279 So.2d 99.
Accordingly, the judgment and sentence herein appealed is reversed and the cause remanded for a new trial.
Reversed and remanded.
Before HENDRY, HAVERFIELD and NATHAN, JJ.