330 So.2d 470 (1976)
STATE of Florida, Petitioner,
v.
Horace Oliver RUCKER, Respondent.
No. 47031.
Supreme Court of Florida.
April 7, 1976.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer and Ira N. Loewy, Asst. Attys. Gen., for petitioner.
Phillip A. Hubbart, Public Defender, and Bennett H. Brummer and Elliot H. Scherker, Asst. Public Defenders, for respondent.
ENGLAND, Justice.
By petition for a writ of certiorari, the State asks that we review and reverse a decision of the Third District Court of Appeal reported at 307 So.2d 830. We noted a direct conflict between that decision and Loftin v. State, 273 So.2d 70 (Fla. 1973), issued our writ and dispensed with oral argument.
The point at issue is whether reference to the phrase "mug shots" in a prosecutor's closing argument to a jury constitutes reversible error in all cases. The district court believed it did, stating that such a statement "clearly indicated to the jury the nature thereof." 307 So.2d at 831.[*] We do not agree, and we reaffirm the view expressed in Loftin that:
"We are not, however, willing to say that such error in this matter should be an `automatic reversal' upon the mere use of the words `mug books'. As in other such instances, the entire record and surrounding circumstances must be considered... ." 273 So.2d at 71.
At the close of argument following the trial of this case, defendant's counsel moved for a mistrial on the ground that *471 the prosecutor had prejudiced his client when he argued:
"We have brought you not only the victim, making a positive identification, but the only discrepancy at all in this testimony is that he didn't recall the moustache on the mug shot that he looked at, which only means to prove another thing, that nobody was rehearsing him on the mug shot."
The trial judge thereupon excused the jury and in consideration of our opinion in Loftin ruled that the error was harmless in view of all the circumstances of the trial. When the jury returned he gave them cautionary instructions on the prosecutor's comment, and on their use of the photographs in the jury room.
We note that the district court did not conclude that the trial judge abused his discretion in finding the error harmless and failing to direct a mistrial. See Thomas v. State, 326 So.2d 413 (Fla. 1975). On the basis of the entire record, such a finding would not have been warranted.
The court did, however, begin in its opinion by stating that defendant's first allegation of trial error involved the reference to "mug shots". The court never indicated whether other alleged errors would require a new trial. Accordingly, the decision of the district court is vacated and the cause is remanded for further proceedings in the district court consistent with this opinion.
ROBERTS, Acting C.J., and BOYD and SUNDBERG, JJ., concur.
ADKINS, J., dissents.
NOTES
[*] Defense counsel argues that the prejudice here stems from a combination of the prosecutor's remark in closing argument and the introduction into evidence of the front and side view "mug shot" photographs. The thrust of his argument is that we should adopt as the law of this state a rule which absolutely prohibits the introduction into evidence of photographs of this type, on the grounds of inherent and uncorrectable prejudice. See Barnes v. United States, 124 U.S.App.D.C. 318, 365 F.2d 509 (1966); United States v. Harrington, 490 F.2d 487 (2d Cir.1973). This we decline to do. We are not called upon here and expressly decline to decide when and if the introduction of photographs of this type may be prejudicial error, in light of the overwhelming independent proof of defendant's guilt in this case. This is not to say, however, that the other proof was itself necessarily free of prejudicial error, as our mandate indicates.