360 So.2d 468 (1978)
Nathaniel HOUSTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-470.
District Court of Appeal of Florida, Third District.
July 11, 1978.
*469 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before PEARSON, NATHAN and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, appeals a judgment of conviction entered pursuant to a jury verdict on the charges of robbery and unlawful possession of a firearm while engaged in a criminal offense. We reverse.
In his second point on appeal, appellant contends that the trial court erred in admitting into evidence certain photographs which were clearly and unmistakably police "mugshots," in violation of his right to a fair and impartial trial.
It is conceded that the admission of the "mugshots" was error; however, appellee contends that it was harmless error.
Our review of the record in this case leads us to the conclusion that the introduction of the photographs, clearly identifiable in this case as "mugshots" and showing a date prior to the date of the crimes charged in this matter, into evidence constituted reversible error. See, e.g., United States v. Harrington, 490 F.2d 487 (2d Cir.1973); Barnes v. United States, 124 U.S.App.D.C. 318, 365 F.2d 509 (1966); Williams v. State, 110 So.2d 654 (Fla. 1959); and Mancebo v. State, 350 So.2d 1098 (Fla.3d DCA 1977). Compare State v. Rucker, 330 So.2d 470 (Fla. 1976). We note, however, that if the photographs are properly cropped this objection could be alleviated.
Appellant in his first point on appeal contends that the trial court erred in refusing to instruct the jury on (1) aggravated assault and (2) simple assault, as lesser included offenses of armed robbery, where the information alleged and the evidence established the elements required to make the giving of such instructions mandatory.
Our review of the record also leads us to the conclusion that the instructions requested by appellant were within category four of the instructions outlined by the Supreme Court of Florida in Brown v. State, 206 So.2d 377 (Fla. 1968) [hereinafter cited as Brown]. Having met the test announced in Brown, it was error for the trial court not to give the requested instructions; however, because of our determination above of appellant's second point on appeal, it is unnecessary for us to determine whether this error was harmless or reversible. See State v. Abreau, Case no. 52,064 (Fla., opinion filed May 26, 1978) [quashing this court's decision in Abreau v. State, 347 So.2d 819 (Fla.3d DCA 1977)].
Appellant's third point on appeal is that the trial court erred in admitting into evidence references of collateral crimes totally irrelevant to the crimes charged where the sole probative value of these references was to demonstrate his propensity to commit criminal acts. Because of our determination above of appellant's second point on *470 appeal, it is also unnecessary for us to determine this point on appeal. The problem raised by this point on appeal may be appropriately dealt with by the trial judge in his discretion upon retrial of the case.
Reversed and remanded for further proceedings in accordance with this opinion.