PER CURIAM.
Joe Nathan Betsy, defendant, appeals his conviction for involuntary sexual battery.
Betsy first urges as reversible error the introduction of mug shots of him on the back of which was stamped, “PUBLIC SAFETY DEPARTMENT, DADE COUNTY, FLORIDA”, with blanks to be filled in supplying such description as the name of the person photographed, his date of birth, identification and case numbers, etc. He argues that these mug shots served only to prejudice him by implying to the jury that he had been guilty of prior unrelated crimes.
Whether the introduction of mug shots constitutes reversible error depends upon the entire record and the surrounding circumstance under which the mug shots were introduced. State v. Rucker, 330 So.2d 470 (Fla.1976). The record in the instant case reflects that defense counsel objected to the introduction of the photographs into evidence on the ground that these photographs were “mug shots”. The trial judge sustained the objection, ordered that the photographs be “cropped” and then allowed the prosecution to reintroduce the photographs. Defense counsel made no objection to the reintroduction. The record further shows that no reference to these photographs as mug shots was made by the prosecution and Betsy took the stand and testified he had been convicted of previous crimes. Hence, we conclude that there was no reversible error. See Mancebo v. State, 350 So.2d 1098, 1100 (Fla. 3d DCA 1977); Cf. Houston v. State, 360 So.2d 468, 469 (Fla. 3d DCA 1978).
*437 Betsy for his second point on appeal contends that the trial judge erred in overruling defense counsel’s objection to an allegedly improper comment by the prosecutor in closing argument. We cannot agree.
Considerable latitude is allowed in arguments on the merits of the case and prosecutors as long as they remain within the limits of the record are not to be condemned merely because they appeal to the jury to perform their public duty by returning a guilty verdict. See Thomas v. State, 326 So.2d 413, 415 (Fla.1976) and Cf. Oliva v. State, 346 So.2d 1066, 1068-69 (Fla. 3d DCA 1977).
We also considered Betsy’s last point on appeal and determine that it lacks merit.
Affirmed.