453 So.2d 151 (1984)
William R. D'ANNA, Appellant,
v.
STATE of Florida, Appellee.
No. AT-363.
District Court of Appeal of Florida, First District.
July 18, 1984.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals from two convictions for robbery with a firearm, Section 812.13, Florida Statutes (1981). He was charged under a two-count amended information, both counts arising out of a single incident occurring at a Zippy Mart convenience store in Jacksonville, Florida, on November 20, 1982. Appellant raises four points on appeal, only one of which requires extended discussion. Finding no merit to any of his grounds for appeal, we affirm appellant's convictions.
Appellant contends the trial court erred in allowing the introduction into evidence at his trial below of six photographs shown to one of the robbery victims by a detective of the Jacksonville Sheriff's Office investigating the appellant's case. The photographs consisted of a front and side view of each individual, including the appellant, with a placard indicating that the photographs *152 had been taken by the Jacksonville Sheriff's Office. The placards found in each photograph also indicated the date of each individual's arrest for the offense for which they had been photographed. Appellant's photograph was dated October 9, 1982, and apparently was taken after an earlier arrest on an aggravated assault charge.[1] The photographs were admitted into evidence over appellant's objection that they constituted "mug shots" and thus were highly prejudicial because of their presumed tendency to be interpreted by the jury as showing that appellant had been arrested for other offenses in the past. Appellant's argument, correct in the abstract, is nevertheless unavailing in the case at bar.
The law is, of course, clear that the admission into evidence, or even the mere mention, of "mug shots" constitutes error. Whitehead v. State, 279 So.2d 99 (Fla. 2d DCA 1973); Mancebo v. State, 350 So.2d 1098 (Fla. 3d DCA 1977); Houston v. State, 360 So.2d 468 (Fla. 3d DCA 1978). This is so because "an accused's right to a fair and impartial jury is violated when the jury is improperly made aware of [a] defendant's arrest for unrelated crimes ..." Duncan v. State, 450 So.2d 242, 245 (Fla. 1st DCA 1984). Although the photographs introduced below were not specifically referred to in front of the jury as "mug shots," there is little doubt that the jury could have so interpreted them. Rucker v. State, 307 So.2d 830 (Fla. 3d DCA 1974), vacated on other grounds, 330 So.2d 470 (Fla. 1976) (photographs introduced at defendant's trial contained name of arresting law enforcement agency, date of arrest, and case identification number); see also Wilding v. State, 427 So.2d 1069, 1070 (Fla. 2d DCA 1983).
However, it is likewise clear that the introduction per se of "mug shots" into evidence is not reversible error. Loftin v. State, 273 So.2d 70, 71 (Fla. 1973); State v. Rucker, 330 So.2d 470 (Fla. 1976). Rather, the reviewing court must examine "the entire record and surrounding circumstances," Loftin, supra at 71, to determine whether the error must be considered harmless. See also Williams v. State, 438 So.2d 152 (Fla. 3d DCA 1983), cause dismissed, 443 So.2d 981 (Fla. 1983). Among the factors to be considered are the extent of other clear, unequivocal evidence of identification of the defendant rendered in-court, Loftin, supra at 71, whether the photographs were "cropped" so as to hide the identity of the photographing agency, Houston v. State, supra at 469, whether a curative instruction was given, Marshall v. State, 439 So.2d 973, 974 (Fla. 3d DCA 1983), and the extent to which the photographs or reference to them at trial refer to a defendant's past criminal record. Sims v. State, 444 So.2d 922 (Fla. 1983); see also Loftin v. State, supra at 71, (question is the extent to which a "mug shot" or reference to same is a "definite statement" conveying to the jury a defendant's prior criminal propensity, distinguishing Jones v. State, 194 So.2d 24 (Fla. 3d DCA 1976)).
Judged by the foregoing standards, the introduction of "mug shots" complained of here must be considered harmless error. The evidence identifying appellant as the perpetrator of the Zippy Mart robbery was overwhelming: the unequivocal in-court identifications by three eyewitnesses, including the two victims; testimony of a fingerprint expert that appellant's fingerprints were found on a soft drink container handled by the robber at the time of the offense; a series of photographs taken of the appellant inside the store by a hidden camera; and last, but not least, appellant confessed to committing the offenses subsequent to his arrest. Although the photographs here were not "cropped," they were introduced without reference being made to them as "mug shots," and with appellant's photograph being only one of six available for the jury's perusal. No other attention was called to the photographs beyond their intrinsic quality as "mug shots." Loftin v. State, supra at 71; cf. Houston v. State, 360 So.2d 468 (Fla. 3d *153 DCA 1978); Russell v. State, 445 So.2d 1091 (Fla. 3d DCA 1984) (witness responded to question from the State as to the source of a photograph of the defendant that the photograph came from "a photo book of people that we've arrested in the past; it's like a mug book"). Furthermore, appellant did not request a curative instruction from the trial court below. Such an instruction has often been found sufficient to cure the prejudice resulting from introduction of "mug shots," Williams v. State, supra at 153, n. 1; Evans v. State, 422 So.2d 60 (Fla. 3d DCA 1982); Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1980). Accordingly, while appellant has shown error, our review of the entire record and circumstances persuades us that the error was harmless. Thus, reversible error has not been shown. State v. Rucker, 330 So.2d 470 (Fla. 1976).
This court notes, however, the impropriety of the introduction of the photographs here complained of. As previously noted, the law is crystal clear that the introduction of "mug shots" is error, and that to do so involves a grave risk of undue prejudice to a defendant. Houston v. State, supra. That the evidence of guilt in the case at bar was overwhelming is not an excuse for introducing other evidence that potentially affects adversely an accused's right to a fair trial. Straight v. State, 397 So.2d 903 (Fla. 1981), cited in Duncan v. State, supra at 245.[2] Failure to heed the clear mandate of the case law on "mug shots" in the future may result in reversal of convictions obtained in otherwise meritorious prosecutions.
We have examined appellants other points on appeal, and find them to be without merit. Delap v. State, 440 So.2d 1242, 1254 (Fla. 1983); Tascano v. State, 393 So.2d 540 (Fla. 1980); Lee v. State, 410 So.2d 182, 183-4 (Fla. 2d DCA 1982); Lamb v. State, 354 So.2d 124 (Fla. 3d DCA 1978).
Accordingly, the judgments and convictions appealed from are AFFIRMED.
ERVIN, C.J., and NIMMONS, J., concur.
NOTES
[1] Appellant was arrested for the instant offenses on November 29, 1982.
[2] It is clear from the record that the assistant state attorney below was aware of the potential prejudice introduction of the "mug shots" might cause appellant. It is also clear that he made an effort, along with the trial court, to alleviate the prejudice by "cropping" the back of appellant's photograph. However, it was the front of the photographs that needed "cropping," in order to conceal the name of the photographing agency, date of arrest, etc.