480 So.2d 173 (1985)
Alberto FUSTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-719.
District Court of Appeal of Florida, Third District.
December 17, 1985.
*174 Feldman & Ziegler and Kenneth N. Feldman, Coral Gables, for appellant.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Appellant seeks reversal of his conviction for armed robbery entered pursuant to a jury verdict. It is his contention that the trial court erred reversibly in allowing the admission into evidence of photographs of appellant and a videotaped lineup which included appellant, both taken from police files. The only issue at trial was whether the victim was correct in identifying appellant as the man who had robbed her at gunpoint.
Appellant argues that in allowing the jury to see the photographs and videotape under the circumstances in this case, the trial court unduly prejudiced the outcome of the jury's deliberations. We cannot agree.
Because the photographs and subsequently-made videotaped lineup were used by the victim to indicate to the police the individual she believed was the robber, they were relevant and probative evidence on the issue of identification. Whether the introduction of this evidence was unduly prejudicial, however, is to be determined from the particular circumstances of the case.
Sub judice, the victim was able to closely observe the individual who robbed her, as the robbery occurred before dark and the robber was actually near enough to remove her necklace himself after taking her purse and asking for the necklace, when the victim was unable to unfasten it herself. In reporting the incident to the police the victim gave a detailed physical description of the robber, which matched appellant's physical appearance. She was consistent and unequivocal in her identifications of appellant prior to and at trial.
Appellant's pre-trial motion in limine to prevent the introduction of these photographic and videotaped materials, which were indisputably adverse to his defense of mis-identification, was denied. The court did, however, caution against counsel's making any references to "mug shots" during the trial. The photographs, when introduced over objection, were not described as mug shots and had been cropped to remove any information which might have indicated that appellant had previously been arrested. The videotaped lineup, also objected to at trial, indicated only that it was taken by the City of Miami. Appellant himself testified that he had never before been arrested "or anything like that."
Photographs in police possession are properly admissible if they do not in themselves or by means of other testimony suggest a prior arrest of the accused. Walker v. State, 473 So.2d 694 (Fla. 1st DCA 1985); Duncan v. State, 450 So.2d 242 (Fla. 1st DCA 1984); see Betsy v. State, 368 So.2d 436 (Fla. 3d DCA 1979); cf. Houston v. State, 360 So.2d 468 (Fla. 3d DCA 1978). Police possession of such photographs alone does not necessarily convey to the *175 jury that a defendant has committed prior offenses or has previously been in trouble with the police, particularly where a curative instruction is requested and given. Williams v. State, 438 So.2d 152 (Fla. 3d DCA) and cases cited at 153, n. 1, cause dismissed, 443 So.2d 981 (Fla. 1983); Evans v. State, 422 So.2d 60 (Fla. 3d DCA 1982); Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982).
The first district court's statement of law in Duncan v. State, 450 So.2d at 245 is, in our view, applicable to the introduction of both the photographs and the videotaped lineup in the instant case:
We do not agree that the photo-lineup consisting of cropped mug shots was improperly admitted into evidence as raising an impermissible inference of a prior conviction. It is true that an accused's right to a fair and impartial jury trial is violated when a jury is improperly made aware of defendant's arrest for unrelated crimes during the trial, Straight v. State, 397 So.2d 903 (Fla. 1981); however, despite a reference made to the use of a "mug shot" in a photographic lineup, but without the witness's specifically referring to a prior conviction, the Supreme Court of Florida in Sims v. State, 444 So.2d 922 (Fla. 1983), had held that such vague reference to other possible criminal activity was not so prejudicial as to require a new trial. Cf. Houston v. State, 360 So.2d 468 (Fla. 3d DCA 1978) (although the court ruled that the introduction of photographs clearly identifiable as mug shots, showing a date prior to the date of the crimes charged, constituted reversible error, the court stated that if such photographs are properly cropped, such error could be cured). Accordingly, as the photographs here made no explicit reference to prior criminal activity by Duncan, we hold that their admission into evidence did not amount to reversible error.
Moreover, under the circumstances of the instant case, where there was a positive in-court identification of appellant by the victim, consistent with her prior identification, and no request by appellant's counsel for a curative instruction, although one was subsequently given by the court to the jury during its deliberations, any error in the admission of the photographs and videotaped lineup was, in any event, harmless. See State v. Rucker, 330 So.2d 470 (Fla. 1976); D'Anna v. State, 453 So.2d 151 (Fla. 1st DCA 1984). We do find it appropriate, however, particularly with respect to the videotaped lineup which may, by its very nature, be more suggestive of some prior involvement of the defendant with the criminal justice system, to reiterate the prospective warning of the D'Anna court that while the introduction of such evidence may be considered harmless error, "[t]hat the evidence of guilt in the case at bar was overwhelming is not an excuse for introducing other evidence that potentially affects adversely an accused's right to a fair trial." 453 So.2d at 153.
For the foregoing reasons, no reversible error having been demonstrated, appellant's conviction is affirmed.
Affirmed.