PER CURIAM.
On this appeal from convictions and sentences for armed robbery, armed kidnapping and armed burglary of a conveyance, we reject the only point directed to the trial. In our view, the isolated reference in the assistant state attorney’s opening statement to the fact that the investigating officer
got a bunch of pictures from a Metro-Dade robbery detective and presented [the victim] with a stack of forty-five or fifty pictures
did not prejudicially convey to the jury that the defendant — whose picture was included— “has committed prior crimes or has previously been in trouble with the police,” Moore v. State, 418 So.2d 435, 436 (Fla. 3d DCA 1982), so as to require a new trial. See Fuster v. State, 480 So.2d 173 (Fla. 3d DCA 1985); see also State v. Rucker, 330 So.2d 470 (Fla.1976); Loftin v. State, 273 So.2d 70 (Fla.1973); D’Anna v. State, 453 So.2d 151 (Fla. 1st DCA 1984); Mancebo v. State, 350 So.2d 1098 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1217 (Fla.1978).
The state properly concedes that Lee was improperly convicted of unlawful display of a firearm during the commission of a felony, in addition to the enhancement of his other offenses because the same firearm had been used. Hence, that conviction — as to count IV of the information — is vacated. Cleveland v. State, 587 So.2d 1145 (Fla.1991).
Affirmed in part, vacated in part.