PER CURIAM.
For the second time,[1] we reverse the trial court’s summary denial of Appellant’s rule 3.850 motion for post-conviction relief. Appellant’s motion alleging that his counsel was ineffective still has not been refuted by the exhibits attached to the State’s amended response and incorporated into the trial court’s amended order of denial. Therefore, the amended order denying relief is reversed and remanded to the trial court for an evidentia-ry hearing.
Appellant was charged with armed robbery of a convenience store clerk. A police detective testified he showed six pictures to the victim and told him to disregard “any numbers he may see on the pictures.” The victim identified Appellant at trial from the “police photos,” identified as such. Before the photos were admitted into evidence, defense counsel asked the clerk to cover the *133 numbers with white paper, which was done— but, according to Appellant, in full view of the jury, which he asserted alerted the jurors to his prior arrest for unrelated crimes. When the jurors were finished with the exhibit, Appellant claims to have received a copy on which three of the photos had numbers showing, one of which had the words “Sheriffs Office Broward County, Florida” above the numbers. A copy of the photo exhibit was attached to his motion, which asserted defense counsel was ineffective in failing to object to the introduction of the photographs, which he labeled “mugshots”; in failing to object to the detective’s testimony, implying that the photographs included booking numbers; in failing to request a curative instruction; and in failing to object to the jury’s request to see all the photographs, including the ones at issue here.
In the prior appeal, we did not believe that the record attachments, showing counsel agreed to the introduction of the exhibit with tape covering the numbers, refuted Appellant’s claim that the jurors became aware the court was covering up something it did not want them to see and that they actually did see booking numbers because the tape covering them was removed or came- off. In its amended response, which was made a part of the amended order of denial, the state added a certified copy of the photo exhibit, with all the police numbers covered, to refute Appellant’s allegation that the jury saw a version that was not completely covered. This additional exhibit does not establish that the jury did not see booking numbers or that the jurors were not made aware of them when the state asked the clerk to tape over them in the presence of the jury. Neither does it refute Appellant’s allegations concerning the prosecutor’s asking the victim about identifying Appellant from the “police photos,” or the detective’s testimony that when he showed the six photographs to the victim he told the victim to disregard any numbers he may see on them.
A claimant is entitled to an evidentia-ry hearing on an ineffective assistance of counsel claim if he specifies facts, not conclusively rebutted by the record, demonstrating counsel’s deficiency in performance that prejudiced him. Rose v. State, 617 So.2d 291, 296 (Fla.), cert. denied, 510 U.S. 903, 114 S.Ct. 279, 126 L.Ed.2d 230 (1993).
On remand, the trial court should conduct an evidentiary hearing to determine whether the introduction of the taped-up exhibit constituted reversible error, see Rucker v. State, 307 So.2d 830 (Fla. 3d DCA 1974), vacated on other grounds, 330 So.2d 470 (Fla.1976), and whether defense counsel’s failure to object and request a curative instruction was deficient under the circumstances. If it was, then the trial court must make a determination, based on a complete review of the trial transcript, whether there is a reasonable probability that counsel’s performance resulted in prejudice affecting the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
REVERSED and REMANDED.
GUNTHER, WARNER and FARMER, JJ., concur.

. We reversed the trial court’s prior denial of the same motion and remanded for an evidentiary hearing or the attachment of further excerpts in Washington v. State, 689 So.2d 1298 (Fla. 4th DCA 1997).