869 So.2d 1228 (2004)
Charles Kenneth MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4304.
District Court of Appeal of Florida, Second District.
March 26, 2004.
VILLANTI, Judge.
Charles Kenneth Murphy appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm three of Murphy's claims without discussion, but we reverse and remand for further proceedings on his fourth claim.
On October 12, 2001, a jury convicted Murphy of grand theft, and the trial court sentenced him as a habitual felony offender (HFO) to forty-eight months in prison. In his motion, Murphy alleged that before trial, the State offered a sentence of three *1229 years' probation in exchange for his plea. Murphy alleged that his trial counsel was ineffective during the plea negotiation because he failed to advise Murphy that he could face HFO penalties if he rejected the offer.
Defense counsel can be ineffective in failing to properly advise the defendant of a plea offer. Eristma v. State, 766 So.2d 1095 (Fla. 2d DCA 2000). A defendant is inherently prejudiced by his inability, due to his counsel's neglect, to make an informed decision whether to plea bargain. Cottle v. State, 733 So.2d 963 (Fla.1999). When the alleged ineffectiveness concerns the rejection of a plea offer, the defendant must prove: "(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced, (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the State's plea offer would have resulted in a lesser sentence." Id. at 967.
Here, Murphy alleged that his counsel neglected to inform him of the HFO penalties he could face if he rejected the plea offer and proceeded to trial. He also claimed that he would have accepted the plea offer had he been properly advised of these penalties and that acceptance of the offer would have resulted in a lesser sentence of three years' probation with no HFO penalties. Therefore, Murphy alleged a facially sufficient claim of ineffective assistance of counsel. See id. Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing on this claim.
Affirmed in part; reversed in part; and remanded.
STRINGER and KELLY, JJ., Concur.