885 So.2d 994 (2004)
Carl P. HIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-546.
District Court of Appeal of Florida, Fourth District.
November 3, 2004.
O.J. Odunna of O.J. Odunna, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
*995 PER CURIAM.
Carl Higgins appeals the summary denial of his rule 3.850 motion for post-conviction relief.
Higgins filed a timely 3.850 motion raising nine claims. Before the court denied the motion, Higgins filed an amended motion raising two additional claims. The trial court's order did not address claims 10 and 11. On appeal, this court reversed and remanded for an evidentiary hearing or record attachments that conclusively refuted grounds 1, 3, 4, and 8. Higgins v. State, 810 So.2d 1044 (Fla. 4th DCA 2002). Because the trial court had not ruled on claims 10 and 11, they were not addressed by this court in the original appeal.
On remand, the state argued the original claims were legally insufficient. The state's response also addressed claims 10 and 11. The court summarily denied all of the claims. On appeal, this court remanded for the trial court to conduct an evidentiary hearing or to provide record attachments conclusively refuting claims 4 and 11. Higgins v. State, 855 So.2d 716 (Fla. 4th DCA 2003).
On remand the trial court again summarily denied these claims and Higgins appeals.
*996 In claim 4, he argued that his trial attorney provided ineffective assistance by not objecting to a photographic lineup which showed him in jail clothes or requesting a curative instruction to direct the jury to disregard the nature of the mug shots. A detective testified at trial that the photograph was not taken at the time of Higgins's arrest. As a result, the jury was aware that he had a prior criminal record. He maintains that even if the photographic lineup was admissible, a curative instruction was needed to dissipate the prejudice resulting from the mug shot and the officer's testimony. See Williams v. State, 438 So.2d 152, 153 (Fla. 3d DCA 1983) (recognizing that simply because an officer showed the victim a photograph of the defendant, a jury would not necessarily infer that the defendant had been arrested or had trouble with the police and any prejudice could be cured by a jury instruction).
The state argues counsel was not deficient because the photographic lineup was not unduly prejudicial and given the state of the law it is unlikely an objection would have been sustained. In support of its arguments, the state cites Fuster v. State, 480 So.2d 173 (Fla. 3d DCA 1985) (finding photographs and a videotaped line up were not unduly prejudicial in that case and any error in their admission was harmless in light of the victim's identification and the curative instruction given during the jury's deliberations). In Fuster, the Third District observed:
Photographs in police possession are properly admissible if they do not in themselves or by means of other testimony suggest a prior arrest of the accused. Police possession of such photographs alone does not necessarily convey to the jury that a defendant has committed prior offenses or has previously been in trouble with the police, particularly where a curative instruction is requested and given.
Id. at 174-175 (internal citations omitted).
In this case, the detective's testimony suggested a prior arrest, the photograph depicts defendant in jail clothes, and no curative instruction was requested or given.
Higgins has stated a legally sufficient claim of ineffective assistance of counsel, and although this issue has been remanded twice, the attached records do not conclusively refute his claim.
In claim 11, Higgins alleged that he was prejudiced by counsel's failure to object when the jury erroneously received a copy of the original information. In the original information, count II charged Higgins with possession of a firearm by a convicted felon. The court granted a pretrial motion to sever this count from the remaining charges. In his rule 3.850 motion, Higgins argued that it was fundamental error to allow the jury to see this charge. See Banos v. State, 521 So.2d 302 (Fla. 3d DCA 1988). Higgins did not testify at trial. As a result, absent this alleged error, the jury would not have known that he was a convicted felon.
Statements in the trial transcript suggest that an amended information was prepared. However, in denying this claim, the trial court did not provide a copy of the amended information, and the attached records do not otherwise conclusively refute Higgins's claim that the jury mistakenly received the original information.
Accordingly, we reverse and remand for an evidentiary hearing on claims 4 and 11.
GUNTHER, POLEN and STEVENSON, JJ., concur.