909 So.2d 972 (2005)
Ron B. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-949.
District Court of Appeal of Florida, Second District.
September 7, 2005.
*973 CANADY, Judge.
Ron B. Smith appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. As to Smith's first claim that his sentence was vindictive, we affirm the postconviction court's denial order because this claim could have been raised on direct appeal. See McDonald v. State, 751 So.2d 56, 58 (Fla. 2d DCA 1999). Because the postconviction court incorrectly determined that Smith's second claim was facially insufficient, we reverse and remand for further proceedings.
Smith's second claim is that trial counsel was ineffective for failing to advise him that he faced an enhanced habitual felony offender and prison releasee reoffender sentence if he rejected the trial court's initial 15.6-year plea offer. Smith alleges that he would have accepted the trial court's 15.6-year initial offer if counsel had adequately advised him of the penalty he faced. Finally, Smith alleges that the trial court's 15.6-year plea offer would have resulted in a lesser sentence than the enhanced thirty-year prison sentence he received.
Smith's second claim is facially sufficient. A facially sufficient claim that counsel failed to inform a defendant of a plea offer requires the following showing: "'(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced, (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the State's plea offer would have resulted in a lesser sentence.'" Murphy v. State, 869 So.2d 1228, 1229 (Fla. 2d DCA 2004) (quoting Cottle v. State, 733 So.2d 963, 967 (Fla.1999)). Smith's claim contains each of those elements. Accordingly, the postconviction court erred in determining that the claims were facially insufficient.
On remand, if the postconviction court should again deny Smith relief on his second claim, then it should attach those records that conclusively refute his claim. Otherwise, the postconviction court should hold an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
DAVIS and KELLY, JJ., Concur.