914 So.2d 985 (2005)
Elivin HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1809.
District Court of Appeal of Florida, Fourth District.
October 5, 2005.
Rehearing Denied December 15, 2005.
Emmanuel L. Simon, Lauderhill, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
We affirm appellant's convictions for possession of a firearm by a convicted felon, possession of cannabis, and fleeing a police officer. We address only his argument that there was insufficient evidence that the gun found in the car he was driving was in his possession.
Two detectives in a marked car observed appellant driving 42 mph in a 30 mph zone and showing a temporary tag which had been altered. The detectives activated their lights, but appellant failed to pull over until other officers, who had been called, came to assist. After appellant finally stopped, he left the car and ran on foot. He was apprehended shortly after that, about one block from the vehicle.
A search of defendant revealed cannabis and the car keys. When the officer took the keys and opened the vehicle, there was a pistol in plain view between the driver's seat and the console. No fingerprints were found on the gun.
Appellant's defense was that the car did not belong to him and that he had no knowledge of the presence of the gun. One of appellant's witnesses was Pamela Robinson who testified that she was dating *986 Mainey Silva, a friend of the defendant. Robinson and Silva were celebrating Silva's birthday and the plan was for appellant and his girlfriend to help them celebrate at a hotel. Robinson testified that the car was hers and that she, Silva and Hunter all drove her car from time to time. She further testified that on the day of appellant's arrest, Silva had taken her car after dropping her off at the hotel where they planned to celebrate and that Silva owned two guns, a black one and a brown one.
Appellant testified that Silva picked him up in Robinson's car and he noticed a white towel or t-shirt closer to the driver's side of the car while Silva was driving. After that, while appellant was driving, he noticed the police behind them, but Silva told him not to stop because there was a warrant out for Silva's arrest. Appellant further testified that Silva jumped out of the car before appellant stopped driving and that appellant finally stopped in front of his girlfriend's house. Appellant testified he had no knowledge that there had been a gun in the car.
Section 790.23(1), Florida Statutes (2003) prohibits a convicted felon from having "custody, possession, or control" of any firearm. Possession may be actual or constructive, and constructive possession exists where a person, without physically possessing a firearm, knows of its presence on the premises and has the ability to maintain control over it. Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976).
This case is distinguishable from the cases relied on by appellant, where there were multiple occupants of a car in which a weapon is found, in that here the jury could have found that appellant was the only occupant of the car and the gun was observed in plain view a few minutes later between the driver's seat and the console.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
FARMER, J., and MILLER, KAREN A., Associate Judge, concur.