PER CURIAM.
Appellant challenges the trial court’s order denying his motion for post-conviction relief brought pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court’s order in all respects except Appellant’s claim that his counsel was ineffective for failing to object to the introduction of a mugshot photograph of him. The lower court erred when it summarily denied this claim. See Washington v. State, 705 So.2d 132 (Fla. 4th DCA 1998) (where photographs identified. as “police” photos had tape to cover numbers and detective was told to disregard any numbers he may have seen on pictures, question existed of *671 whether counsel was deficient in failing to object and request curative instruction regarding the taped-up photos).[1]
On remand, the trial court shall either conduct an evidentiary hearing or attach portions of the record which conclusively refute this claim.
AFFIRMED IN PART, REVERSED IN PART; REMANDED.
SHARP, W., TORPY and LAWSON, JJ., concur.

. Cardali v. State, 794 So.2d 719 (Fla. 3d DCA 2001), upon which the lower court relied, is inapposite. There, the defendant failed to describe in his motion the nature of the photograph or how its admission in evidence prejudiced him. The court’s decision to affirm the trial court was without prejudice for the defendant to file a more particular claim. Here, conversely, Appellant has alleged that the photograph is a mugshot from which the jury could have inferred a prior criminal arrest.