975 So.2d 487 (2007)
Mario PLANCARTE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4924.
District Court of Appeal of Florida, Second District.
July 18, 2007.
CANADY, Judge.
Mario Plancarte appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the postconviction court's denial of claims two through eight without comment. We reverse the denial of claim one and remand for further proceedings.
A jury convicted Plancarte of aggravated battery with a firearm for shooting the victim with a pistol. The trial court sentenced Plancarte to twenty-five years' prison with a twenty-five-year minimum mandatory pursuant to section 775.087(2)(a)(3), Florida Statutes (2003) (the 10/20/Life statute), after the jury found that Plancarte had discharged a firearm and inflicted great bodily harm to the victim during the commission of the aggravated battery.
In claim one of his motion, Plancarte claimed that counsel was ineffective for failing to inform him that he was subject to sentencing under the 10/20/Life statute. Plancarte alleged that but for counsel's deficiency, he would have accepted a five-year plea offer from the State rather than go to trial. This is a facially sufficient claim. See Smith v. State, 909 So.2d 972 (Fla. 2d DCA 2005); Garcia v. State, 736 So.2d 89 (Fla. 4th DCA 1999); see also Cottle v. State, 733 So.2d 963 (Fla.1999). And the postconviction court has failed to provide a record basis conclusively showing that Plancarte is entitled to no relief. We reject the postconviction court's conclusion that Plancarte was as a matter of law chargeable  solely by virtue of notice of the charge brought against him  with knowledge of the maximum penalty to which he was exposed and therefore would be unable to show that he was prejudiced by counsel's alleged ineffectiveness. On remand, the postconviction court shall attach records that conclusively refute the *488 claim or, if necessary, hold an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
SALCINES and WALLACE, JJ., Concur.