POLEN, J.
 

 Appellant, Ellvin Hunter, timely appeals the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion.
 

 On September 13, 2003, two police detectives patrolling Fort Lauderdale in a marked unit pulled behind a Ford Taurus which they paced driving 42 mph in a 30 mph zone. The vehicle’s temporary tag was altered. The detectives activated their lights and, when the driver failed to pull over, issued a BOLO. Later that day another officer assisted the detectives and pulled behind the vehicle which ultimately ran a red light. • The detectives activated emergency equipment as they were catching up to the car. Hunter, the driver, exited the vehicle and ran on foot but was apprehended shortly thereafter. A search of Hunter’s person revealed cannabis and keys to the vehicle. Inside the vehicle, in plain view, was a pistol between the driver seat and console. The state charged Hunter with possession of a firearm by a convicted felon, possession of a firearm with altered serial numbers, possession of cannabis and fleeing a police officer. The state filed a notice seeking habitualization in December 2003. The court severed count I, possession of a firearm by felon, from the other counts.
 

 Hunter was tried only for possession of a firearm by a convicted felon. Pamela Robinson testified for the defense that on the date of the incident she was dating Mainey Silva, who was friends with the defendant, Hunter. She and Silva were celebrating Silva’s birthday at a hotel. Robinson testified that she, Silva, and Hunter all drove her 2000 Ford Taurus at times. That day Silva took the car and left her at the hotel. Silva had another car which he kept in storage because it had expensive rims. Silva also had two guns, a black and a brown gun.
 

 Hunter testified in his own defense that he had known Silva on September 13, 2003, for about a year and a half and knew Pamela Robinson through Silva. When Silva came by the apartment to pick Hunter up, Hunter drove the vehicle. Hunter did not notice whether there was a gun in the car but he did notice a white towel or T-shirt in the vehicle closer to Silva’s side of the car. Hunter testified that the front and driver windows of the car had legal tint, but that the back windows were tinted illegally dark. Hunter testified that police in an unmarked Taurus pulled behind them. Silva said not to stop because Silva had a warrant for his arrest and didn’t want to go to jail, so Hunter kept driving at a slow pace. The car behind him didn’t put on any lights and so he kept going. When the police lights came on Hunter drove away and lost sight of the police. Hunter ultimately ran a red light. Silva jumped out of the car and Hunter kept driving and stopped the vehicle in front of his girlfriend’s house.
 

 Hunter admitted during cross examination that he was a four time convicted felon. He had driven Robinson’s car twice before and that was the third time he was driving the car. Hunter testified that during the time he was friends with Silva he had never seen him with a gun. Hunter never saw or touched a gun in the car that day. Hunter was found guilty as charged and sentenced as an habitual felony offender to thirty years imprisonment. This court affirmed Hunter’s convictions on direct appeal and wrote an opinion addressing only the sufficiency of the evidence.
 
 Hunter v. State,
 
 914 So.2d 985 (Fla. 4th DCA 2005).
 

 
 *708
 
 Hunter subsequently filed his motion for post-conviction relief arguing that he was entitled to relief on six grounds: (1) counsel failed to object to the judge’s submission of incomplete jury instructions for use in jury deliberations; (2) counsel failed to prepare and/or proffer reverse
 
 Williams
 

 [1]
 

 Rule evidence; (3) counsel conceded Hunter’s guilt without his explicit and affirmative consent; (4) counsel failed to contemporaneously object to and/or move for mistrial for prosecutorial misconduct during closing arguments; (5) counsel failed to properly communicate the State’s plea offer of five years; (6) counsel failed to object to the trial court’s allowing an alternate juror’s notes to be given to the jury foreperson and considered duidng jury deliberation; (7) counsel failed to object to the jury taking the charging information which included severed offenses with them into deliberations.
 

 The State responded that Hunter’s motion should be summarily denied because claims 1, 4, 5, and 6 of trial court error and prosecutorial misconduct were procedurally barred since they were or should have been raised on direct appeal and the remaining claims were without merit and directly refuted by the record. The trial court summarily denied Hunter’s motion. Hunter now timely appeals.
 

 In alleging ineffective assistance of counsel, a defendant must meet the two prongs of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a defendant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of competent performance under prevailing professional standards.
 
 See Kennedy v. State,
 
 547 So.2d 912, 913 (Fla.1989). Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and the reliability of the proceeding that confidence in the outcome is undermined.
 
 Id.
 
 A trial court’s summary denial of a rule 3.850 motion is appropriate only when the claims are either conclusively refuted by the record or facially invalid.
 
 Peede v. State,
 
 748 So.2d 253, 257 (Fla.1999). Where the trial court did not hold an evidentiary hearing, the defendant’s allegations must be accepted as true to the extent they are unrefuted by the record.
 
 Id.
 

 We find error in the trial court’s summary denial of claims 5 and 7 of Hunter’s 3.850 motion and reverse and remand for an evidentiary hearing. The State argues that summary denial of claim 5 was appropriate because defense counsel acknowledged at the sentencing hearing that he was aware of the maximum penalty of thirty years, and thus, the record refutes Hunter’s claim. However, Hunter’s claim alleges that defense counsel advised him of the five-year plea offer but failed to inform him that he could be sentenced as an habitual felony offender for up to thirty years. The fact of defense counsel’s acknowledgment does not prove that defense counsel properly informed Hunter of his exposure when he advised him of the State’s plea offer. Thus, this allegation is not refuted by the record.
 

 Furthermore, in
 
 Smith v. State,
 
 909 So.2d 972 (Fla. 2d DCA 2005), the court held that a defendant was entitled to an evidentiary hearing on his motion for post-conviction relief where he alleged defense counsel had failed to inform him that he faced habitual felony offender sentencing of thirty years if he rejected the State’s plea offer of 15.6 years.
 
 Id.
 
 at 973. The court explained that a facially sufficient claim of ineffective assistance is pled
 
 *709
 
 where the defendant states that (1) counsel failed to inform or misinformed him of the State’s plea offer, (2) but for the misinformation, defendant would have accepted the offer, and (3) the State’s offer, if accepted, would have resulted in a lesser sentence than the ultimate sentence received.
 
 Id.
 
 Though the record includes the State’s notice of intent which was served at the sentencing hearing, Hunter alleges that the State offered a five-year sentence in exchange for his plea prior to trial and sentencing. Therefore, an evidentiary hearing is required before the trial court can properly conclude that counsel was not ineffective for failing to advise Hunter of the possibility that he could be sentenced as a habitual felony offender to a significantly greater sentence.
 

 The State also argues that the trial court properly summarily denied Hunter relief on claim 7 because the record does not support Hunter’s contention that the jury was provided with an unamended information which listed the severed charges. Only the charge of possession of a firearm by a convicted felon was tried, and yet, Hunter alleges the jury received an unamended information which listed severed charges of possession of a firearm with altered serial number, possession of cannabis, and fleeing a police officer. In
 
 Higgins v. State,
 
 885 So.2d 994 (Fla. 4th DCA 2004), the defendant argued ineffective assistance of counsel alleging that counsel had failed to object to the jury receiving an information which listed severed charges.
 
 Id.
 
 at 996. Because there was no record evidence conclusively refuting the claim, this court held that an evi-dentiary hearing was required.
 
 Id.
 
 In the present case, there is no record evidence that the information given to the jury was an amended version with the severed charges removed. Therefore, the trial court erred in summarily denying relief on this ground and an evidentiary hearing is required. For the foregoing reasons, we reverse and remand for an evidentiary hearing on claims 5 and 7 of Hunter’s 3.850 motion for postconviction relief.
 

 Reversed and remanded.
 

 STEVENSON and MAY, JJ., concur.
 

 [1]
 

 .
 
 Williams
 
 v.
 
 State,
 
 110 So.2d 654 (Fla.1959).