SUAREZ, J.
 

 The defendant appeals his conviction and sentence for unlawful possession of a firearm by a convicted felon. We affirm.
 

 The defendant was charged by an amended three-count information with resisting an officer with violence, battery on a law enforcement officer and unlawful possession of a firearm by a convicted felon. Prior to trial, the State and the defense agreed to sever Counts I and II and proceed to trial on Count III, the unlawful possession of a firearm charge. Miami Police Detective Thomas was the first witness for the State. He testified that, on November 15, 2003, while on duty, he received information regarding an arrest warrant for the defendant along with an address and description of the vehicle he was driving. The first time the detective arrived at the address, the defendant
 
 *31
 
 was not present. Later that evening, the detective observed the described vehicle at the given address and set up a surveillance perimeter. He observed two suspects walking to the vehicle, one going to the driver’s side and the other to the passenger’s side. When the vehicle drove off, he called for Robbery Intervention Detail to block the car so that the occupants could not escape. Once the vehicle was blocked, Detective Thomas walked up to the passenger’s side and asked the passenger to step outside. He then handcuffed the passenger. Weapons were neither observed on the passenger’s side of the vehicle nor seen being placed on the driver’s side. Another officer, Detective Burke, identified the driver as the defendant, Michael Barlatier, and ordered him to step out of the vehicle. When the defendant stuck his foot outside the car as if he were getting out of the vehicle, Detective Burke saw the gun on the floor. Burke yelled “fifty-five” to signal the presence of a gun. The defendant made a swiping motion, as if he was going to knock the gun back under the seat to hide the weapon. Detective Burke did not see anyone else touch the gun. Detective Thomas testified that he also saw the gun protruding from under the seat of the driver’s side of the vehicle. He further testified that the defendant did not have the opportunity to stop the car and switch positions with the passenger. The defendant’s girlfriend testified that she lent the car to the defendant two or three days prior to the incident, but that she never brought firearms into the vehicle. At the close of the State’s case, the defendant moved for a judgment of acquittal arguing that the State did not meet its burden of proving constructive possession of the gun. The trial court denied the motion. During closing argument, there were un-ruled-upon objections to the prosecutor’s summary of the law on constructive possession and the prosecutor’s speculation that there was no evidence presented that the defendant’s girlfriend could have placed the gun in the vehicle.
 
 [1]
 
 The trial court instructed the jury on the law of constructive possession and on the general rule that what attorneys say is not evidence. The case then went to the jury. The jury returned a verdict finding the defendant guilty of possession of a firearm by a convicted felon. He was sentenced to thirty years in prison as a habitual offender. The defendant appeals his conviction and sentence.
 

 The defendant raises two points on appeal. The first alleges error in the denial of the motion for judgment of acquittal on grounds that the evidence was insufficient to support the conviction for possession of a firearm by a convicted felon. The defendant bases his argument on the proposition that constructive possession was not established as there was no evidence that the defendant knew the firearm was in the car or that he exercised control over it.
 

 A trial court’s ruling on a motion for judgment of acquittal is reviewed de novo.
 
 Boyd v. State,
 
 910 So.2d 167 (Fla.2005). Constructive possession exists where a person without physically possessing a firearm knows of its presence and
 
 *32
 
 has the ability to maintain control over it.
 
 See Hunter v. State,
 
 914 So.2d 985 (Fla. 4th DCA 2005). The facts, as established through the detectives’ observations and testimony, excluded the possibility that someone other than the defendant could have placed the gun under the driver’s seat between the time the vehicle was approached and pulled over until it was searched, or that someone other than the defendant could have placed the gun under the driver’s seat while the search was ongoing. In accordance with the detectives’ observations and conclusions, the only one that could have had possession and control over the gun was the defendant.
 
 Cf. Petion v. State,
 
 4 So.3d 83 (Fla. 4th DCA 2009),
 
 review granted,
 
 15 So.3d 581 (Fla.2009). That the defendant was trying to knock the gun back under the seat to hide it is in accord with the detective’s testimony that established that the defendant “[put] his hand down not as if he is going to grab the gun, but as if he’s going to swipe the gun, knock it back under the seat with his arm and he has his arm extending and his leg out.” The circumstantial evidence in this case surrounding the discovery of the gun in plain view under the driver’s seat where the defendant was sitting was sufficient to establish constructive possession on the motion for judgment of acquittal. The facts are sufficient for the jury to infer that the defendant knew of the presence of the gun and had the ability to control it. The issue of constructive possession was rightfully submitted to the jury for deliberation.
 
 See Muwwakil v. State,
 
 435 So.2d 304, 305 (Fla. 3d DCA 1983) (“The test to be applied on review of a denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or appellate court, the evidence fails to exclude every reasonable hypothesis but that of guilt but, rather, whether the jury might reasonably so conclude.”). The trial court was correct in denying the defendant’s motion for judgment of acquittal.
 

 The second point on appeal alleges error in the prosecutorial comment that the defendant was guilty because of the fact that he was a convicted felon with a gun in the car and the State’s comment in closing argument that no evidence was presented that the defendant’s girlfriend could have left the gun in the car. The defendant alleges that the second remark was a comment on his Fifth Amendment right to remain silent. Defendant’s arguments that the prosecutor misstated the law and that the State implied that the defendant failed to present evidence that someone, like the defendant’s girlfriend, could have placed the gun under the seat, fall under the harmless error test.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986). Because the correct law was later clarified in closing argument by defense
 
 [2]
 
 counsel, the State
 
 [3]
 
 and also by the trial
 
 *33
 
 judge who instructed that arguments of counsel do not constitute evidence and gave the correct instructions for the jury to follow, there was no reasonable probability that the misstatements contributed to the verdict and no fundamental error occurred.
 
 See Cox v. State,
 
 966 So.2d 337, 346 (Fla.2007) (concluding that prosecuto-rial misrepresentation of the responsibility of the jury with regard to weighing the evidence was not so fundamental error as to reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error). The State’s comment on the lack of evidence to show that the girlfriend might have placed the gun under the seat was an invited response and a fair comment on the evidence, not violative of the rule prohibiting comment on the defendant’s failure to testify.
 
 See, e.g., State v. Mathis,
 
 278 So.2d 280 (Fla.1973).
 

 The defendant’s conviction for possession of a firearm by a convicted felon is therefore affirmed.
 

 Affirmed.
 

 [1]
 

 . The prosecutor stated:
 

 If Michael Barlatier gets in there, just starting off with the presumption that he didn’t take it with him, but if he gets in there and that gun is in there he’s in possession of it.
 

 [[Image here]]
 

 You certainly knew it’s there, but I’m sorry folks, I’m here to tell you, if you're a convicted felon and you go to get into a car and there’s a gun sitting on the floor, you’re not allowed to get in the car.
 

 [[Image here]]
 

 We can speculate that yes, Kelly Palmer three days before could have left it there but what evidence do you have of that? None.
 

 [2]
 

 . Defense counsel stated:
 

 There are some points which Mr. Vander-geisen has brought out which are just not correct, which is flat out wrong. It is not a crime for Mr. Barlatier to have been in that car in the presence of that firearm. That’s not the charge. The charge is that Mr. Barlatier has possession of the firearm. There are two ways that the law says a person can be in possession of a firearm and the Court is going to instruct you on them....
 

 [3]
 

 . The prosecutor stated:
 

 What’s going to happen is the Judge is going to read to you guys these instructions abut what the law is. And the then you’re going to be given a packet of them to take back. What this is, is a blow up so I can explain to you how the facts fit.
 

 The first one is that the defendant was a convicted felon at the time. The reason why I say possession is an issue and how the gun got there may not necessarily be an issue is because of this. After the defendant was a convicted felon, he knowingly, we know that's true, he’s a convicted felon and
 
 *33
 
 couldn't have knowingly owned a gun. It's part of the instruction and this an option, not telling you I’m not trying to prove that he didn’t knowingly own that gun.