BY ORDER OF THE COURT.
Mario Plancarte’s motion for rehearing is granted. The prior opinion dated April 11, 2012, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.
ALTENBERND, Judge.
Mario Planearte appeals the trial court’s order denying his motion to correct an illegal sentence that was filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We address only one ground of his motion and affirm the order.
Mr. Planearte was convicted of aggravated battery with a firearm because he *1103 concluded a disagreement with another man in 2004 by shooting the man. He was orally sentenced to twenty-five years’ imprisonment with a twenty-five-year minimum mandatory term pursuant to the 10/20/Life statute. § 775.087(2)(a)(3), Fla. Stat. (2003). We affirmed his direct appeal in 2005. Plancarte v. State, 918 So.2d 302 (Fla. 2d DCA 2005) (table decision).[1]
Mr. Planearte claims his sentence is illegal because the trial court initially entered a written sentence on September 21, 2004, that failed to include the minimum mandatory term. He filed his appeal on October 8, 2004. On October 15, 2004, the trial court entered an amended written sentence, nunc pro tunc, correcting the scrivener’s error.[2] It appears that this alteration was simply attached to the existing sentencing documents without being separately file stamped. On direct appeal, the correction appeared to have been entered prior to the filing of the notice of appeal.
Mr. Planearte focuses on case law that stands for the proposition that a trial court loses jurisdiction to amend a sentence once a notice of appeal is filed and throughout the remainder of the appeal. See Linnon v. State, 988 So.2d 70, 72-73 (Fla. 2d DCA 2008). He claims that the corrected sentence is void and has no effect. Although we agree with Mr. Planearte that the procedure used in this case was unusual and not in accordance with the foregoing case law, the resulting sentence correctly reflects the trial court’s oral pronouncement. If the sentence on direct appeal had been the written sentence in its original form without this attachment, it would have been an erroneous sentence. We simply conclude that Mr. Plancarte’s written sentence, as amended nunc pro tune on October 15, 2004, accurately states the sentence orally announced on September 21, 2004, and it is not an illegal sentence subject to any correction at this time under rule 3.800(a).
Affirmed.
CASANUEVA and VILLANTI, JJ., Concur.

. Planearte has filed a number of other appeals and a petition with this court arising out of the same trial court case, but these filings are not directly related to the present matter. Planearte v. State, 49 So.3d 758 (Fla. 2d DCA 2010) (table decision); Planearte v. State, 36 So.3d 99 (Fla. 2d DCA 2010) (table decision); Planearte v. State, 989 So.2d 646 (Fla. 2d DCA 2008) (table decision); Planearte v. State, 975 So.2d 487 (Fla. 2d DCA 2007).

. "The term scrivener’s error refers to a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record but not those errors that are the result of a judicial determination or error.” Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015, 1023 (Fla.2000) (court commentary); Ashley v. State, 850 So.2d 1265, 1268 n. 3 (Fla.2003).